## MAGNOLIA PETROLEUM CO. v. LOCK-WOOD NAT. BANK.  (No. 6486.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 26, 1921.)

**1. Appeal and error ⊜854(4)—Wrong conclusions on which correct decision was based do not require reversal.**

A judgment discharging a garnishee will not be reversed for error in the court's legal conclusion that the burden was on plaintiff to prove that the garnishee knew the judgment debtor had an interest in an account standing in another name, though proof that the garnishee had knowledge or facts putting it on inquiry would have been sufficient, where the court made no finding that the garnishee had knowledge of facts putting it on inquiry and plaintiff made no exception to the finding and no request for additional finding, since a wrong reason for the right result is immaterial.

**2. Appeal and error ⊜931(3)—Issue not expressly found resolved to support judgment.**

In the absence of an affirmative finding on an issue, the issue is resolved by law in support of the judgment rendered.

**3. Garnishment ⊜162—Burden is on plaintiff to show garnishee knew the account in another name belonged to debtor.**

In garnishment proceedings against a bank, the burden is on the plaintiff to prove that the bank knew that the debtor owned or had an interest in an account standing in the name under which he did business, where the evidence at the hearing to establish that fact came from a confidential source not open to the general public, and the plaintiff gave no information thereof to the bank at the time of the garnishment proceedings, or for 2½ years thereafter, and until the account had been withdrawn.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Garnishment proceedings by the Magnolia Petroleum Company against the Lockwood National Bank. From an order discharging the garnishee, plaintiff appeals. Affirmed.

Wm. H. Russell, Keller & Woodhull, and Henry Lee Taylor, all of San Antonio, for appellant.

F. C. Davis, of San Antonio, Marshall Butz, of Dallas, and A. V. Wright, of San Antonio, for appellee.

SMITH, J. This is an appeal from a judgment discharging the Lockwood National Bank in a garnishment proceeding instituted against the bank by the Magnolia Petroleum Company to discover and impound funds belonging to one C. M. Dewey, a judgment debtor. The issues were tried by the court without a jury.

The trial court found affirmatively in writing, upon evidence which we hold to be sufficient to support such finding, that when the writ of garnishment was served, and when answer thereto was required of the bank, there was on deposit in garnishee's bank a sum in excess of plaintiff's claim to the credit of the "Dewey Auto Livery Company"; that this account as a matter of fact belonged to C. M. Dewey, but that the bank (although its officers were personally acquainted with Dewey) "was not cognizant" of Dewey's ownership of, or that he "even had an interest in, this account," while, "on the contrary," the bank's "information was that Dewey had no interest in said fund or deposit"; that at the time of service of the writ upon the bank, and at the time the latter was required to answer, the plaintiff knew, or claimed to know, that Dewey was the owner of the account in dispute, but never at any time communicated this knowledge to the garnishee. Except in formal matters not material to this appeal, the court found no other facts, nor were any other findings requested by appellant. The correctness of these findings, or of either of them, is not challenged by appellant.

From these findings the trial court concluded as a matter of law that the burden of proof was upon the plaintiff to show that the garnishee had knowledge of the fact that Dewey owned or had an interest in the account of the Dewey Auto Livery Company, and that, the plaintiff having failed to prove the garnishee had this knowledge, the latter was entitled to judgment.

[1, 2] In its first assignment of error appellant complains of the trial court's conclusion of law that the burden was upon appellant to prove the garnishee's knowledge of Dewey's ownership of or interest in the funds deposited to the credit of the Dewey Auto Livery Company. Appellant contends, in support of this assignment, that under the law it was required to show only such facts as were necessary to put the garnishee upon inquiry which, if pursued in the manner of an ordinarily prudent person, would have disclosed the true ownership of the funds in dispute. If it should be admitted, for the purpose of this discussion, that appellant's position is correct in the abstract, still this proposition is not here available to appellant, for the reason that it presupposes and rests upon facts not found by the court to exist in this case; the court does not find, nor does the evidence by any means conclusively show, that the garnishee was in possession of information which, if diligently pursued, would have discovered the true ownership of the funds. The court made no affirmative findings upon this essential question, nor was any such finding requested by appellant. The issue is thus foreclosed against appellant, since, in the absence of an affirmative finding, it is resolved by law in support of the judgment rendered. And we think appellant is further precluded by the affirmative find-

ing of the court that the bank not only was "not cognizant" of Dewey's ownership of the fund, but that, "on the contrary," the bank's information was that Dewey "had no interest in said funds or deposits." Appellant does not complain of this finding, which is supported by the evidence, and is therefore bound by it.

In this state of the case, then, the court properly rendered judgment for appellee, and, that being true, it does not matter whether the conclusion of law complained of was or was not correct. Having reached the right result, the reasons the court gives therefor become immaterial.

[3] But we think the trial court's conclusion as to where the burden of proof rested was correct, not only as a general proposition, but particularly so in this case. We may say that the burden of proof rests primarily upon the plaintiff in every fact case. Often it shifts about from one party to another during the course of a trial, but primarily, we say, it lies upon the plaintiff. A plaintiff may not shift this burden to the defendant by proving only one, or even all but one, of the facts essential to his recovery. He must prove every such fact, one way or another, before he can rest from his burden.

Now, in this case appellant, as plaintiff, did not show that any funds were on deposit in appellee's bank to the credit of Dewey individually, or subject to his personal check; the contrary was affirmatively and conclusively shown. If such fact had been proven, then appellant would thereby have made a prima facie case, when the burden of proof would have automatically shifted to appellee. This is the direct, and the usual, method of garnishing funds on deposit in a bank, but, this method not being available to appellant here, it sought to make its case by another, and an indirect, method. To this end, it showed that there was a·deposit in the bank in the name and to the credit of the "Dewey Auto Livery Company." It went a step further, then, and introduced testimony to show that the "Dewey Auto Livery Company" was but a trade name employed by C. M. Dewey in the conduct of an auto livery business which was owned and controlled by Dewey; that the funds comprising the company account were deposited in the bank from time to time by Dewey or his employee, Brack, in person, and were withdrawn from the account by checks signed in this manner: "Dewey Auto Livery Company, by C. M. Dewey." Appellant did not then proceed to the next, and essential, step, and show that the bank knew of any of these facts, or that it was in a position to know them, or that it· knew enough of them to put it upon inquiry. On the contrary, it was shown by these witnesses themselves that they learned these facts only because of their peculiar, and we

may say confidential, relations to and dealings with Dewey's private business, and presumably the sources of their information were not available to the public or to the bank. We do not think this testimony was sufficient to raise the issues of whether or not the bank had sufficient notice to put it upon inquiry as to the true ownership of the funds, or as to whether or not a reasonable inquiry would have disclosed such ownership; but if the testimony was sufficient to raise such issues, the trial court, in the absence of affirmative findings, is presumed to have resolved them against appellant and in support of the judgment rendered.

Appellant, as plaintiff, seems to have known, at the time it had the bank served with the writ of garnishment, that the Dewey Auto Livery Company account, as a matter of fact, belonged to Dewey. But appellant deliberately withheld this information from appellee for more than 2½ years, and until long after the account was exhausted. Now, if appellant, when it had appellee served with the writ, had communicated this information to appellee, it could very properly complain if, in the face of this information, appellee had allowed these funds to be withdrawn without first endeavoring in good faith to ascertain the true ownership thereof. But it does not lie in the mouth of appellant to complain of appellee for paying out the funds for want of the very information it possessed, but withheld from appellee.

These conclusions lead us to overrule all of appellant's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.