## PURE OIL CO. v. WALSH–WOLDERT MOTOR CO.

### No. 3967.

Court of Civil Appeals of Texas. Texarkana. March 3, 1931.

Rehearing Denied March 12, 1931.

Vinson, Elkins, Sweeton & Weems and Hamp P. Abney, Jr., all of Houston, for appellant.

Ramey, Calhoun & Marsh, of Tyler, for appellee.

LEVY, J. (after stating the case as above). The question presented for decision is purely that of whether or not in the facts of the case the garnishee can be charged with liability for the indebtedness sought to be impounded. The fact was affirmatively

shown that, at the time of the service of the writ of garnishment, and at the time the garnishee issued and delivered the checks in evidence, an indebtedness appeared upon the books of the garnishee to the credit of "Webster's Garage, Tyler, Texas." Inferably the indebtedness was due for wares purchased or for hiring of services by the garnishee. The fact was admitted that the indebtedness was due and was owing by the garnishee and in the amount as entered on its books. As a further fact affirmatively shown, "Webster's Garage" was merely a name used by A. C. Webster to show that he was the owner and proprietor of the business. The name so used was not that of a corporation or a partnership. In such facts the garnishee would be regarded as in the legal position of being indebted to A. C. Webster in the amount stated, at the time of the service of the garnishment writ, although such indebtedness was entered to the credit of "Webster's Garage, Tyler, Texas." A. C. Webster, as a person, would have had to maintain a suit to enforce the collection of the indebtedness, for "Webster's Garage" was not an entity that could sue or be sued as such. As held, it is insufficient to sue an individual under a trade-name, since suit may only be maintained against parties having an actual or legal existence. Davis v. Raney Auto Co. (Tex. Civ. App.) 249 S. W. 878. As further held, it is essential that the name of the person be given in the garnishment proceedings. Smith v. Wallis, 18 Tex. Civ. App. 402, 45 S. W. 820. It is on the principle that the contract was made with "a person" and "not a name" that contracts under an assumed name without complying with the statute have been upheld. Paragon Oil Co. v. Rhoades Drilling Co., 115 Tex. 149, 277 S. W. 1036; Bristol v. Oil & Gas Co. (Tex. Com. App.) 283 S. W. 163. Hence, in issuing the checks in favor of "Webster's Garage," the garnishee was, as a matter of pure law, paying over the indebtedness sought to be impounded to A. C. Webster himself. A clear case of liability was thus shown, for a garnishee cannot, after service, prejudice the rights of the plaintiff in the suit. It is the rule that, if the garnishee transfers, during the pendency of the garnishment, any of the indebtedness belonging to the defendant in the suit, he does so at his peril. 12 R. C. L. p. 850 § 93; 20 Cyc. 1058.

■ The garnishee, though, points out that it was entitled to be relieved against any liability to the plaintiff in garnishment, although it paid over the indebtedness sought to be impounded after the service of the writ, because done in good faith and without notice or knowledge that A. C. Webster owned the "Webster's Garage." It appears quite plainly from the record that in no view can the garnishee fairly claim that it was misled to do that which was done by the garnishment writ itself. It is required that the garnish-

ment writ give accurate description of the principal defendant by correctly giving his name, and, failing in this respect, the garnishee can claim to be relieved of responsibility to the plaintiff in case the plaintiff does not show that the garnishee otherwise had knowledge of the identity of the defendant. 20 Cyc. p. 1046; 12 R. C. L. p. 824, § 15. This principle has been frequently applied in garnishment cases where there was misnomer or misdescription of the defendant in the garnishment writ itself. 28 C. J. p. 264 § 360. And in such particular character of cases, as is conceded, the burden is placed upon the plaintiff in garnishment to show affirmatively by competent evidence that the garnishee otherwise had notice of the identity of the defendant in the suit. This burden is so placed upon the plaintiff because the garnishee has a legal right to rely upon the name of the defendant as it is given in the official writ.

But in the present case there is no pretense that in the writ of garnishment there was misdescription or misnomer of the defendant. The writ of garnishment truly and correctly stated the name of the defendant in the suit as A. C. Webster. The plaintiff in the garnishment otherwise complied with every legal requirement of the statute in the execution and issuance of the affidavit and the writ of garnishment. Plaintiff was not legally authorized nor required to sue or run the garnishment writ in the name of "Webster's Garage," because the name was not an entity legally capable of suing or being sued. Davis v. Raney Auto Co., supra. And the duty did not devolve upon plaintiff to specially allege in the affidavit or give information to the garnishee that "Webster's Garage" was owned by A. C. Webster. It was not required of the plaintiff in garnishment to state in the affidavit or in the garnishment writ the nature and the place of business or the defendant's occupation, for the garnishment statute does not so provide. In this view, the garnishment writ cannot be regarded as having in any wise operated to cause the ignorance of fact claimed by the garnishee.

■ The question of garnishee's relief from liability must then depend upon, and be determined by, the test of whether or not it ought fairly, under all the evidence, to have known or supposed that A. C. Webster owned the "Webster's Garage." The fact must be kept in mind that the garnishee owed the debt, and, inferably, for purchase of wares or hiring of services. Redress must be obtained, if at all, on the distinct equitable ground of mistake. This became an affirmative defense in behalf of the garnishee, for it is the garnishee who is claiming the estoppel through ignorance of facts by it.

■ The facts show that A. C. Webster did not comply with the assumed name statute of the state. That fact that A. C. Webster had

806

not complied with the statute regulating trade-names may be regarded as merely a circumstance bearing upon the garnishee's ignorance of the identity of the defendant, and may not be regarded as at all events absolutely relieving the garnishee from liability. Quoting from Gay v. Seibold, 97 N. Y. 472, 49 Am. Rep. 533:

"The purpose of the statute was obviously to protect persons giving credit to the fictitious firm on the faith of the fictitious designation. It could have had no other purpose. It was not needed to protect those who obtained credit from such a firm." See Rutkowsky v. Bozza, 77 N. J. Law, 724, 73 A. 502.

It was further affirmatively shown that "A. C. Webster" indorsed the checks drawn payable to "Webster's Garage." Although the checks were signed and delivered shortly after the service of the writ, yet the fact that A. C. Webster indorsed, cashed, and collected the same could, as collateral evidence, be looked to to determine whether the garnishee, before issuing the checks, could likewise have known, or by mere inquiry could have found out, that "Webster's Garage" was owned by A. C. Webster. His name was associated with his business, and was a descriptive use of it to show he was proprietor of the business. The garnishee at the time of incurring the debt, either by purchasing the wares or of hiring the services, presumably had the opportunity of learning the true state of affairs and of knowing who granted the credit.

There is no pretense of fraud being practiced upon garnishee by the defendant. Thus the case is left of the garnishee's having entered the credit on its books in the name of "Webster's Garage" merely because that name was used to describe the proprietor of the business and to have paid out such indebtedness merely because its books contained the entry mentioned.

 There is involved in the trial court's conclusion that the garnishee could have known that the title to the indebtedness was in A. C. Webster, and that such indebtedness was due to a person and not a name, by the exercise of ordinary care and diligence. In other words, there is involved in the finding that the ignorance of the fact claimed by the appellee was not due to the fault of the plaintiff, or the writ of garnishment, or to the defendant, but to the garnishee. It is believed that there is evidence sufficient to support that finding of fact, and that this court cannot disturb that conclusion.

The above conclusion is not in conflict with the case of Magnolia Petroleum Co. v. Bank (Tex. Civ. App.) 227 S. W. 363. In that case the decision was rested entirely upon the point that there was "the affirmative finding of the court that the bank not only was 'not cognizant' of Dewey's ownership of the fund, but that, 'on the contrary,' the bank's infor-

mation was that Dewey 'had no interest in said funds or deposits.'" The appellate court merely refused to disturb the finding of fact made by the trial court.

The judgment is affirmed.

SELLERS, J.

It is after very careful consideration that I find myself unable to agree with the conclusions reached by the majority of the court in the disposition of this case, and I respectfully enter my dissent.

The point with which I am unable to agree with the majority of the court is that the pleadings and evidence in this garnishment proceedings are sufficient to sustain the judgment against the garnishee. It is my opinion that they are not.

The facts are that the original suit by the plaintiff, to which this is an ancillary proceeding, was brought in and judgment taken in the name of A. C. Webster. The garnishment proceedings were sued out at the time the original suit was filed, to wit, February 22, 1930. And neither the affidavit, bond, nor writ of garnishment contained any information that A. C. Webster owned "Webster's Garage." There was no certificate of record showing who owned "Webster's Garage," as required by article 5924, R. C. S. 1925. The garnishee answered that it did not owe A. C. Webster anything, and paid Webster's Garage of Tyler, Tex., by check mailed at Fort Worth, Tex., the amount it was indebted to it. This indebtedness was paid about March 1, 1930, and it was on June 27th after this that plaintiff filed its controverting affidavit to garnishee's answer, in which garnishee received its first information that A. C. Webster was the owner of Webster's Garage.

The rule is stated in 20 C. J. p. 265, § 361, as follows:

"Where at the time of the service of the writ the garnishee had in his possession funds or property belonging in fact to the defendant but the garnishee was ignorant of the right of defendant thereto, he cannot be held liable where in good faith he parts with such funds or property after the service of the writ, but if the garnishee has actual knowledge, or has knowledge of facts putting him upon notice, that the title to the property is in defendant, although apparently in another, he cannot be excused because of failure to retain it."

There is nothing in the record to indicate in the remotest way that could be construed that the garnishee acted other than in good faith when it paid "Webster's Garage." And this is not questioned by plaintiff.

Our garnishment statutes are given a very strict construction, as will be shown by a quotation from the case of Willis v. Lyman, 22 Tex. 268:

"There can be no good reason why the same strictness should not be required in respect to garnishments, as in other cases of attachment; for garnishments are but a species of attachment. The writ of garnishment brings into court strangers to the judgment, or to the original suit, as the case may be, and subjects them to much inconvenience and hazard. It often happens, or to say the least, it sometimes happens, that garnishees are obliged to pay twice, because the court is not informed of all the facts in the particular case. For these reasons, proceedings against garnishees ought not to be sustained, unless they are in strict conformity with the requirements of the law."

It will be noticed that our statutes do not require the name of the defendant to be given in the affidavit for a writ of garnishment, yet it has been held in the case of Barker v. Security State Bank of Bowie (Tex. Civ. App.) 248 S. W. 478, that:

"An affidavit is fatally defective for failure to name all the defendants, since it is not required that the pleadings in the original suit be served upon the garnishee, nor is he required to resort to the original pleadings or citations to ascertain the names of all defendants, and, in the absence of such information, he would be unable to answer as required by articles 274 and 276."

It appears clear to the writer that the construction which our courts have given the garnishment 'statutes is that the plaintiff must allege in the affidavit for garnishment all of the information which a garnishee needs in order to make true answers to the writ of garnishment, as the garnishee is required under the law to do, and that the garnishee is not required to resort to any other source for such information.

In the case.of Magnolia Petroleum Co. v. Lockwood National Bank, 227 S. W. 363, 364, where the facts are almost identical with the case at hand, the San Antonio Court of Civil Appeals held that the burden was on the plaintiff to show garnishee knew the account in another name belonged to debtor. In this case the Magnolia Petroleum Company recovered a judgment against C. M. Dewey and sued out a writ of garnishment against the Lockwood National Bank to discover and impound funds belonging to one C. M. Dewey. When the writ was served on the bank, there was on deposit in the bank a sum in excess of plaintiff's claim to the credit of the "Dewey Auto Livery Company"; that this account, as a matter of fact, belonged to C. M. Dewey, but that the bank was not cognizant of Dewey's ownership of the funds; that, at the time of the service of the writ upon the bank, and at the time the latter was required to answer, the plaintiff knew, or claimed to know, that Dewey was the owner of the account in dispute but never at any time communicated this knowledge to the garnishee. The following quotation is from the opinion of the court in this case:

"Appellant, as plaintiff, seems to have known, at the time it had the bank served with the writ of garnishment, that the Dewey Auto Livery Company account, as a matter of fact, belonged to Dewey. But appellant deliberately withheld this information from appellee for more than 2½ years, and until long after the account was exhausted. Now, if appellant, when it had appellee served with a writ, had communicated this information to appellee, it could very properly complain if, in the face of this information, appellee had allowed these funds to be withdrawn without first endeavoring in good faith to ascertain the true ownership thereof. But it does not lie in the mouth of appellant to complain of appellee for paying out the funds for want of the very information it possessed, but withheld from appellee."

Certainly if the plaintiff in the case at hand had given the garnishee the information that A. C. Webster owned "Webster's Garage," this garnishee could not be heard to complain, but, the plaintiff having failed to do so for several months after the garnishee in good faith paid out the funds which it owed Webster's Garage, and garnishee not having notice as required by article 5924, R. C. S. 1925, which article has been construed by the Supreme Court of this state in the case of Paragon Oil Syndicate v. Rhoades Drilling Co., 115 Tex. 149, 277 S. W. 1036, to be for the benefit of the public dealing with businesses run under assumed names, plaintiff should not be permitted in this case to recover and thereby force the garnishee to pay the same debt twice.

For the reasons stated, the writer is of the opinion that the judgment of the trial court should be reversed and the judgment here entered for appellee.