## ZIMMERMAN v. FIRST NAT. BANK OF BOWIE.

No. 15196.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 15, 1950.

Rehearing Denied Jan. 19, 1951.

H. M. Muse, of Wichita Falls, for appellant.

T. B. Coffield, of Bowie, for appellee.

SPEER, Justice.

This is a garnishment proceeding under section 2, Article 4076, R.C.S. The First National Bank of Bowie, Texas, sued Erwin Construction Co., a co-partnership composed of William D. Erwin and J. W. Shytles, on several fully described promissory notes. That suit was pending in the district court of Montague County when the garnishment proceedings here involved were instituted.

Except when necessary to mention names, we shall refer to the above named Bank as appellee, to Erwin Construction Co., William D. Erwin and J. W. Shytles as defendants, and to W. T. Zimmerman as garnishee.

On May 16, 1950, appellee Bank filed its affidavit, bond and sworn application for writ of garnishment against "T. W. Zimmerman"; each of said instruments appears to be regular in form as provided by the statutes and Rules of Civil Procedure.

On said last mentioned date the Clerk of the District Court issued a writ of garnishment directed to "T. W. Zimmerman" garnishee (later changed to W. T. Zimmerman), now shown by the record to read in part as follows:

"The State of Texas
"To: W. T. Zimmerman, Garnishee, Greeting:
"Whereas, in the 97th District Court of Montague County, Texas, in a certain

**722**

cause wherein The First National Bank of Bowie, Texas, Corp. is, Plaintiff, and Erwin Construction Co., et al are Defendants, and numbered 12,264 on the docket of said court, the Plaintiff claiming an indebtedness against the said W. T. Zimmerman in the sum of $1610.00 Sixteen Hundred Ten and No/100 Dollars, besides interest and cost of suit, heretofore, and on the 16th day of May A. D. 1950, made and filed an affidavit and bond in writing as a prerequisite to, and for the purpose of applying for, and in due course of law has applied for a writ of garnishment against you W. T. Zimmerman;

"And whereas, said cause is now pending in said court awaiting trial.

"Now, therefore, you are hereby commanded to be and appear before said court at Montague, Texas in said county at ten o'clock A.M. on the Monday next following the expiration of twenty days from the date of service hereof, then and there to answer upon oath what, if anything, you are indebted to the said Defendents * * *," and continuing as provided by Rule 661, Texas Rules of Civil Procedure.

The writ was served on "W. T. Zimmerman" as garnishee on May 17, 1950. He made no answer nor did he otherwise make any form of appearance in said court.

Appellee Bank procured judgment against defendants on July 3, 1950, for $1834.80 in the pending suit and on the same day garnishee having not answered the writ, appellee Bank procured a default judgment against garnishee for $1834.80, with interest from that date and costs.

On July 13, 1950, counsel for appellee Bank wrote garnishee of the judgment against him and enclosed a copy of it and requested payment. Garnishee employed counsel and, after some correspondence between the attorneys, garnishee on July 26, 1950, filed in the district court of Montague County a motion for new trial and requested a hearing thereon with such supporting testimony as he desired to offer.

The nature and character of the motion for new trial and the testimony offered at the hearing will be revealed by the points of error assigned and our subsequent discussion of them.

The trial court set a date for hearing the motion and the evidence thereon. The motion and testimony were heard and considered by the court and the motion was overruled during the same term by an order entered on the 30th day after the rendition of the default judgment on July 3, 1950. The garnishee excepted, gave notice of and timely perfected this appeal.

He relies upon four points of assigned error. The points in the brief are lengthy and in some instances embrace more than one proposition or reason why the court erred in the matters complained of. We shall only attempt to summarize the points in this opinion.

First and second points are discussed together in the brief. They are, in substance, the court erred in overruling garnishee's motion for new trial, because: (1) The writ was directed to "T. W." Zimmerman as garnishee and served on appellant (garnishee), whose initials and name are "W. T. Zimmerman," and the initials were not changed until after the writ was served on him. (a) The writ did not name all the defendants in the pending suit out of which the garnishment grew; and (b) the writ did not state the amount of the indebtedness claimed by the appellee Bank against the defendants in the pending suit but on the contrary alleged an indebtedness claimed by appellee Bank against T. W. Zimmerman, garnishee named in the writ. Point Two: After the garnishment proceedings were instituted and before default judgment was entered against garnishee, all of the preliminary instruments, including the affidavit, bond, application for and the writ itself, were changed from "T. W." Zimmerman in each instance so as to read "W. T." Zimmerman, without the knowledge or consent of garnishee.

As we understand garnishee's brief he relies, chiefly, upon the two points of error mentioned to show that the trial

court was without jurisdiction of his person to render a default judgment against him for lack of adequate process (the writ of garnishment in this case) having been timely served upon him.

The writ of garnishment was in evidence at the hearing and it showed upon its face to have had the initials changed in each instance from "T. W." to "W. T." Zimmerman and the officer who served it on garnishee said it had been changed since he served it. The officer's return showed he served it on "W. T. Zimmerman" which were the correct initials of garnishee.

Garnishee testified at the hearing that he was a business man and was operating a liquor store and had owned another but had sold it; that he had previously owed Erwin Construction Co. appproximately $1563.50 for constructing a parking lot but had paid the full amount prior to the time he was served with the writ of garnishment; that he "supposed" he knew the writ was intended for him; that he read it over and knew the nature and effect of such a writ; that he knew enough about law to know that a writ of garnishment required an answer and said: "If the writ had come out and said 'W. T. Zimmerman' to appear in the court house at a certain place for a reason, I would have been there."

It will be observed that this is a default judgment against garnishee. It is not an attack on a judgment in equity by bill of review or by injunction to restrain its enforcement, but comes to us from an order overruling a timely filed motion for new trial. The motion attacked the jurisdiction of the court to enter a default judgment under the writ of garnishment served on garnishee.

Under the relationship between plaintiff and garnishee it may be said that the writ was the process or type of citation under which the court either acquired or failed to acquire jurisdiction of garnishee in this action.

■ It is well to note just here that our courts have uniformly held that a trial court acquires no jurisdiction of the person of a defendant in a civil suit so as to warrant the entry of a default judgment against him until a proper time after he has been duly served with citation containing all the requisites set out in old Article 2022, R.C.S., now, with slight changes not necessary to mention, Rule 101, T.R.C.P.; or until a party has in some manner waived such process. Rule 124, T.R.C.P.; 33 Tex.Jur., p. 798, sec. 5 et seq., ibid., p. 812, sec. 15 et seq. See also 25 Tex.Jur. (Judgments), p. 720, sec. 269.

■ In garnishment proceedings where the writ becomes the process by which the court acquires jurisdiction of the garnishee, the statutes and rules of procedure do not specify the requisites of the writ; yet such proceedings, because of their nature, are given a strict construction; this, apparently, for the reason a garnishee is brought into the legal controversy of others when he is under no charge of having done a wrong to either.

In so far as is material to the points under discussion, Rule 659, T.R.C.P., provides for docketing the case, after filing of affidavit, bond and application for writ of garnishment, and that the clerk of the court "shall immediately issue a writ of garnishment directed to the garnishee, commanding him to appear before the court out of which the same is issued at or before (the time stated in the Rule) * * *. The writ shall command the garnishee to answer under oath upon such return date what, if anything he is indebted to the defendant, and was when the writ was served, * * *."

■ In the instant case the writ was addressed to "T. W. Zimmerman," when his correct initials were "W. T." Zimmerman and in this condition the writ was served on garnishee. He lived in another county from the one in which the original suit was pending; the writ was the only information he had about what other instruments filed in the case contained. It is quite obvious that the writ was not addressed to garnishee as provided by the rule above quoted. Appellee argues that the rule of idem sonans cures the de-

ficiency. Much has been written on this rule. It seems that when two or more initials are used to designate a person the law will usually disregard the middle one if the first one is correct. "But a mistake in respect of the first initial or a transposition of two initials is usually regarded as fatal." 30 Tex.Jur., p. 586, sec. 7.

■ In support of the contention that the writ was sufficient in this respect, that is, that it was properly addressed to garnishee, appellee cites and relies upon an extract taken from Abilene Independent Telephone & Telegraph Co. v. Williams, 111 Tex. 102, 229 S.W. 847; 25 Tex.Jur., pp. 602-3; 33 Tex.Jur., p. 824; Anderson v. Zorn, 62 Tex.Civ.App. 547, 131 S.W. 835; and L. T. Wright & Co. v. Smith, Tex.Civ.App., 13 S.W.2d 953, writ dismissed. The cited authorities arose in cases in which defendants had applied for equitable relief against default judgments upon the theory that the judgments were void. That is not the nature of the situation before us. Here we have an appeal from what is claimed to be an erroneous judgment, that is, a default judgment against garnishee in his proper name when he had been cited or served with process addressed to one of another name or initials. This of course is a direct attack on the judgment and not an attack in equity under a charge that it was void. The distinction, as we see it, between this appeal and those authorities just mentioned is clearly drawn in the Abilene Independent Telephone & Telegraph Co. v. Williams case, supra, where the Supreme Court discussed the rules applicable to a direct attack by appeal from a default judgment and an equitable proceeding to restrain the enforcement of on alleged void judgment. In discussing the first mentioned situation the court cites Southern Pacific Co. v. Block, 84 Tex. 21, 19 S.W. 300. In the last cited case is was held that neither a petition nor citation giving defendant's name as Southern Pacific Railway Company authorized service upon Southern Pacific Company, and that such service did not support a default judgment against "Southern Pacific Co.," when directly attacked by appeal on writ of error. Commenting on the last cited case, the court in the Abilene Independent Telephone & Telegraph Co. case, supra was careful to use this language about the holding in the Southern Pacific Co. case, supra:

"The question determined (in Southern Pacific Co. v. Block) was not whether the judgment against the Southern Pacific Company was void, but merely whether the trial court committed error in entering a default judgment against that company on a petition and citation against a corporation with a different name.

"Numberless errors entitle a party to a reversal of a judgment on appeal or writ of error, which are of no avail when relied on to support a collateral attack on the judgment or to furnish a basis for equitable relief against the enforcement of the judgment." [111 Tex. 102, 229 S.W. 848.]

■■ In short, in the instant case we have an appeal by garnishee from a default judgment against him entered on a process issued and served upon him which he contends was issued to another, or at least not in his name. He learned of the alleged erroneous judgment against him and timely appealed. In such circumstances he is not required to show the judgment from which he appealed was void, as he would in an attack in an effort to seek equitable relief against its effects.

■ Another element of point one is in effect that the writ of garnishment served upon him was insufficient to require him to answer because it did not give all the names of the defendants in the original suit, to whom he was commanded to answer under his oath what, if any sum, he was indebted.

The writ recited substantially that the Bowie Bank was plaintiff and "Erwin Construction Co., et al" were defendants in the described original and pending suit. It was clear from the writ that there was one or more defendants in that suit other than Erwin Construction Company. The writ commanded him to answer on his oath on or before a given date what if

anything he was indebted, etc., "to said defendants," meaning all of the defendants, including those not named. He was not apprised of the name or names of the other one or more of the unnamed defendants. The writ did not command him to answer what amount if any he was indebted to each, but all of the defendants. The command would not have been satisfied with an answer relating to only one of the defendants—the one named. We think the naming of defendants in the writ was an essential element to its validity before garnishee could be penalized by the default judgment for having failed to answer concerning his indebtedness to the unnamed persons.

In Barker v. Security State Bank of Bowie, Tex.Civ.App., 248 S.W. 478, 479, this court had before it a garnishment proceeding in which the affidavit for garnishment gave the names of defendants in the original suit as "A. M. Gibbs et al" and the writ obviously followed the recitations in the affidavit as to the parties defendant and in holding the writ insufficient for not having named all the defendants, the court reasoned: "How, then, could the garnishee in this case, fully answer the writ served upon him when the name of one defendant only was stated? Nothing in the statutes required service upon him of the pleadings of the plaintiff in the original suit, nor is he required to resort to the original pleadings, if any, or to the citations against the original defendants, if any, in order to ascertain the names of all of the defendants, and thus be enabled to fully answer the writ."

■ Yet another attack is made under point one on the writ of garnishment in this case. That is, it did not disclose the amount of indebtedness claimed by plaintiff against defendants. We do not believe that such failure alone is sufficient to justify garnishee in not answering the writ. Such disclosure, if made, would not be helpful to garnishee in complying with the commands of the writ if all other matters were in proper form. However, the writ declared that plaintiff Bank was claiming an indebtedness of $1610 against the named garnishee "T. W. Zimmerman"

(as recited by the writ when served). Such recitation was of course foreign to anything in the original suit out of which the garnishment grew and could bind no one. Yet, as testified by garnishee at the hearing, that recitation and other things in the writ were confusing to him when he knew he was not then nor had he ever been indebted to the Bank in any amount.

Under second point it is complained that the affidavit, bond and application for writ had been changed after filing and the issuance of the writ so as to show the initials of the one against whom garnishment was sought to be W. T. Zimmerman instead of T. W. Zimmerman and that the writ was so changed after service on garnishee.

■ We think such changes do not affect the legal rights of garnishee. All rights were controlled and determined by the writ as it existed when served on him. He has now appeared in court and asked for the privilege of showing that any debt he may have heretofore owed defendants or either of them had been paid prior to the time he was served with the writ of garnishment, whether the writ required him to make such answer or not.

Viewing this whole situation as we do, we have concluded that the trial court should have granted the motion for new trial as a matter of law under what appears to be the undisputed facts and circumstances.

■ Third point urges in effect that garnishee should not have been required to answer the writ in any event because the serving officer told him if he did not owe either the plaintiff Bank or Erwin Construction Company he need not answer the writ. The statement of such a contention is to demonstrate its fallacy. We think nothing more need be said than to overrule this point.

The fourth point asserts error in the overruling of the motion for new trial because it was timely filed and acted upon by the court. Without determining the merits of garnishee's having paid Erwin Construction Co. upon which the motion was predicated, we hold that it was timely

726

filed and was properly before the court. We need not further discuss this point for the reason we are holding the trial court erred in refusing to sustain the motion for new trial for the reasons hereinabove discussed.

The judgment is reversed and the cause remanded for another trial not inconsistent with our conclusions herein expressed. Reversed and remanded.