**REDISCO, INC., Appellant,**

v.

**LAREDO MOPAC EMPLOYEES CREDIT UNION, Appellee.**

No. 15339.

Court of Civil Appeals of Texas, San Antonio.

Oct. 16, 1974.

Rehearing Denied Nov. 13, 1974.

Fansler, Fansler & Reese, Morris M. Reese, Jr., Nat B. King, Laredo, for appellant.

J. G. Hornberger, Laredo, for appellee.

BARROW, Chief Justice.

Appellant, hereinafter sometimes referred to as garnishor, has appealed from a judgment that appellee-garnishee is indebted to the debtor A. H. Bailey in the sum of $16.39 which was ordered paid to garnishor. The judgment awards garnishee the sum of $250.00 to be paid by garnishor as reasonable attorney's fees.

It is undisputed that garnishor had a valid judgment against A. H. Bailey on which the sum of $3,993.99 was due on December 12, 1969. On this date, garnishor made application for a writ of garnishment against appellee for any indebtedness it owed to A. H. Bailey, also known as Arthur Howell Bailey. On January 5, 1970, appellee made a sworn answer that it was indebted to said A. H. Bailey for the sum of $16.39 and sought discharge with its reasonable attorney's fees. This answer was controverted by garnishor

on April 20, 1970, wherein it was alleged in part: "The Plaintiff has reason to believe and does believe that such answer in such respect is incorrect because Plaintiff was informed by an employee of the Garnishee that the Defendant debtor, A. H. Bailey, had an account in Garnishee's credit union along with others in the amount of $3,580 at the time the writ was served. . . ." Garnishor further answered that it had been advised that an account in excess of $700.00 existed in favor of the children of A. H. Bailey and said sums were deposited subsequent to creation of garnishor's debt in fraud of creditors.[1]

It was developed by depositions taken in October of 1971, as well as at the trial on February 27, 1973, that on December 12, 1969, there was an account with appellee in the name of "Pearl E. Bailey" with the sum of $3,580.06 on deposit. This account was opened by Pearl E. Bailey on January 3, 1961, and had been increased to $3,794.86 on January 10, 1970, by a series of deposits and earned interest. The sum of $2,445.00 was withdrawn by her on July 30, 1970, and on September 3, 1971, the sum of $2,190.85 was used to discharge a note executed by Arthur B. and Helen M. Bailey,[2] which note was co-signed by Pearl E. Bailey and her account was pledged to secure payment of the note.

Pearl E. Bailey is the wife of A. H. Bailey, and it is urged on this appeal that appellee by the exercise of ordinary care could, and in fact did, ascertain that the account in her name was community property of the debtor. It is further urged that since appellee did not interplead said funds into court, it is now liable to garnishor for the amount of said funds which it permitted to be withdrawn by Pearl E. Bailey after the writ was served. The final point asserts that there were no pleadings or evidence to support the award of $250.00 for reasonable attorney's fees.

---

1. Garnishee had several small accounts belonging to various children of A. H. Bailey, but garnishor does not assert on this appeal any claim to any of such funds.

2. Arthur B. Bailey is an adult son of A. H. and Pearl Bailey.

■ It is required that the garnishment writ give an accurate description of the debtor by correctly giving his name, and failing in this respect, the garnishee can claim to be relieved of responsibility to the garnishor if the garnishor does not show that the garnishee otherwise had knowledge of the identity of the debtor. Pure Oil Co. v. Walsh-Woldert Motor Co., 36 S. W.2d 802 (Tex.Civ.App.—Texarkana 1931, writ dism'd); First National Bank of Hale Center v. Wilson, 22 S.W.2d 546 (Tex.Civ.App.—Eastland 1929, no writ); 38 C.J.S. Garnishment § 186.

■ We cannot say from an examination of this record that appellant-garnishor established that appellee knew that A. H. Bailey had any possible interest in the account in the name of Pearl E. Bailey prior to her withdrawal of such funds. Nowhere in said writ of garnishment, or in the controverting answer, did appellant identify this account and it did not even mention the name of "Pearl E. Bailey." While appellant urges here that such funds were community funds, and therefore subject to payment of the community debt, it was not shown that appellee knew prior to disbursement of the funds that Pearl E. Bailey was the wife of A. H. Bailey. This record supports the trial court's implied finding that appellant failed to meet its burden to show that appellee knew it had funds on deposit in which A. H. Bailey had some interest. The trial court did not err in granting appellant judgment for only the $16.39 on deposit with appellee in the name of A. H. Bailey.

■ The garnishee is entitled to recover reasonable compensation, including reasonable attorney's fees, if it is discharged on its answer. Rule 677, Texas Rules of Civil Procedure (1967); Johnson & Co. v. Blanks, 68 Tex. 495, 4 S.W. 557 (1887); Pan American National Bank v. Ridgway, 475 S.W.2d 808 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.). Here the trial court awarded garnishee the sum of $250.00 although only $150.00 was prayed

for by garnishee. Cf. Liberty Sign Company v. Newsom, 426 S.W.2d 210, 215 (Tex.1968).

Appellant complains of this award and correctly points out that there is no evidence whatsoever relating to the reasonable value of the legal services rendered to garnishee. Nor was there any stipulation of same. In Great American Reserve Ins. Co. v. Britton, 406 S.W.2d 901, 907 (Tex. 1966), the Supreme Court held that a court does not have authority to adjudicate the reasonableness of an attorney's fee on judicial knowledge without the benefit of evidence. See also, Webster v. Webster, 442 S.W.2d 786, 789 (Tex.Civ.App.—San Antonio 1969, no writ). Therefore, the award for attorney's fees cannot stand under this record.

Accordingly, the judgment of the trial court is reformed to delete the recovery of the sum of $250.00 as attorney's fees. In all other respects the judgment is affirmed. The costs of this appeal are taxed one-third against appellee, and two-thirds against appellant.