In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00045-CV**
_____


**IN RE LAW OFFICE OF RUBEN FRANCO JR., PLLC**

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 25-05-07544**

**MEMORANDUM OPINION**

Relator, the Law Office of Ruben Franco Jr., PLLC ("Franco"), seeks mandamus relief from the trial court's Order denying Plaintiff's Motion to Strike Insufficient Answer of Garnishee and to Compel Proper Answer. The Writ of Garnishment identified the garnishee as the judgment debtor and omitted all references to the actual judgment debtor. Franco contends the trial court abused its discretion by excusing the garnishee from its mandatory disclosure duties due to a clerical error in the Writ of Garnishment. We lift our order for temporary relief and for the reasons explained below, we deny the petition for a writ of mandamus.

1

## Background

In August 2024 in Trial Cause Number 24-04-06215, Franco obtained a $8,700 judgment for attorney's fees against Suzanne Raylene Figueroa ("Figueroa"). In an effort to collect on the judgment pursuant to Texas Rule of Civil Procedure 658, Franco applied for a writ of garnishment against Woodforest National Bank ("Woodforest") in Trial Cause Number 25-05-07544 (the Garnishment Action). In the application, Franco identified Figueroa as the judgment debtor. A Writ of Garnishment issued on June 10, 2025. The writ incorrectly states that Woodforest is the judgment debtor. The writ did not mention Figueroa.

In its Original Answer to Writ of Garnishment after Judgment, Woodforest contends the Writ of Garnishment does not give Woodforest permission to disclose any property in its possession that may belong to Figueroa, and privacy laws prohibit Woodforest from providing customer information without explicit instruction from a court order.

Franco filed a Brief in Support of Amended Motion to Strike Insufficient Answer of Garnishee, Violation of Court Order, and Motion to Compel a Proper Answer.[1] In the brief, Franco argues Woodforest's answer fails to comply with

---

[1]Franco omitted a motion to strike and amended motion to strike from the mandamus record.

Texas Rule of Civil Procedure 665. He contends that rule "requires a garnishee to file a sworn answer addressing the specific inquiries in the writ[.]"

The trial court denied Franco's motion to strike Woodforest's answer, and Franco filed a petition for a writ of mandamus. Woodforest and Figueroa filed responses to the mandamus petition. On Franco's motion for temporary relief, we stayed the trial for Trial Cause Number 25-05-07544 while we considered the mandamus petition.

## Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending

3

mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

**Arguments**

Franco contends that the issuance of Writ is a ministerial duty, and the defect in the Writ is a purely clerical error by the trial court clerk that the procedural rules for garnishments permit courts to disregard or correct. Franco contends Figueroa's identity could be obtained from the Application for the Writ, and Woodforest's actual knowledge that Franco sought to garnish Figueroa's account cured any clerical defect and imposed duties on Woodforest to freeze, hold, and disclose Figueroa's funds on account with Woodforest.

Woodforest contends the Writ of Garnishment is substantively defective because it contains no directive that Woodforest seize Figueroa's bank account or answer what, if anything, may have been in her account when the Writ of Garnishment was served on Woodforest. Woodforest contends its actual knowledge is irrelevant absent an explicit command in the trial court's order that authorizes Woodforest to disclose information that otherwise is confidential. Woodforest argues Franco's remedy at law is to request a corrected Writ of Garnishment or pursue alternative avenues to enforce the judgment.

4

Figueroa attributes what she contends is a substantive mistake in the Writ of Garnishment to Franco's application and claims she was not served with the Writ of Garnishment due to the failure to identify her as the debtor defendant on the Writ of Garnishment.[2]

**Discussion**

The question before this Court is whether the trial court clearly abused its discretion in denying Franco's motion to strike Woodforest's answer because Woodforest did not provide information under oath about Figueroa's funds on account with Woodforest.

"Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of a debt." *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992) (citations omitted); *see generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 63.001–.008; Tex. R. Civ. P. 657–679. A garnishment order must strictly comply with the statute. *BBX Operating, LLC v. Am. Fluorite, Inc.*, No. 09-19-00279-CV, 2021 WL

---

[2]The defendant must be served as provided in Rule 21a with a copy of the writ of garnishment, the application, accompanying affidavits, and orders of the court as soon as practicable after service of the writ on the garnishee. *See* Tex. R. Civ. P. 663a. The certificate of service on Franco's garnishment application states "a true copy of this document was served in accordance with Rule 21a of the Texas Rules of Civil Procedure" but does not include Figueroa's name and address. The mandamus record does not show that a copy of the Writ of Garnishment was served on Figueroa as required by Rule 663a. *See id.*

3196513, at *3 (Tex. App.—Beaumont July 29, 2021, pet. denied) (mem. op.) (citing *Beggs v. Fite*, 106 S.W.2d 1039, 1042 (Tex. 1937)).

The Writ of Garnishment at issue here does not require Woodforest to answer upon oath what, if anything, Woodforest is indebted to Figueroa, and what effects, if any, of Figueroa Woodforest had in its possession when the writ was served. *See* Tex. R. Civ. P. 661. Nor does it command Woodforest not to pay Figueroa any debt or deliver to her any effects pending further order of the court. *See id.* Instead, the Writ of Garnishment names the garnishee as the defendant indebted to the garnishor. As such, the writ is undoubtedly defective.

The parties dispute whether the error in the Writ of Garnishment is substantive or merely clerical and therefore subject to amendment. *See id.* 679 ("Clerical errors in the … writ of garnishment … may upon application in writing to the judge or justice of the court in which the suit is filed, and after notice to the opponent, be amended in such manner and on such terms as the judge or justice shall authorize by an order entered in the minutes of the court … provided such amendment appears to the judge or justice to be in furtherance of justice."). At this stage of the proceedings it does not matter whether the trial court could have amended the Writ of Garnishment. On the mandamus record, it does not appear that Franco applied in writing to amend the Writ of Garnishment after notice to the opponent, as required by Rule 679. *See id.* Franco does not argue that the trial court abused its discretion

by denying an application to amend the Writ of Garnishment or seek mandamus relief from such an order. Instead, he argues Woodforest should have answered the Writ as though Figueroa had been named as the defendant therein because Woodforest knew she was the intended target of the garnishment proceeding.

"The answer of the garnishee shall be under oath, in writing and signed by him, and shall make true answers to the several matters inquired of in the writ of garnishment." *Id.* 665. Woodforest's answer was not under oath, and it did not provide information about Figueora's funds on account with Woodforest, but it did alert the trial court to the official error in the Writ of Garnishment. Woodforest explained it could not provide information about funds on account for a person not named or otherwise identified in the Writ of Garnishment.

Franco cites three cases to support its argument that the Writ of Garnishment is enforceable notwithstanding its failure to command Woodforest to answer for its indebtedness to Figueroa. We find these cases to be inapposite, as in all three cases the writ identified the correct defendant. In *Pure Oil Company v. Walsh-Woldert Motor Company*, the appellate court affirmed the judgment against the garnishee where the writ of garnishment named the proper defendant, but the garnishee asserted it issued checks to "Webster's Garage" in good faith and without notice that the defendant, A.C. Webster, was its proprietor. 36 S.W.2d 802, 805 (Tex. App.— Texarkana 1931, writ dism'd w.o.j.). The appellate court held sufficient evidence

7

supported the trial court's finding that the garnishee knew or should have known that the defendant was the proprietor of Webster's Garage. *Id*. at 806.

In *Industrial Indemnity Company v. Texas American Bank – Riverside*, the garnishee surety's indebtedness to the defendant was captured by the service of the writ of garnishment on the main judgment; although the garnishee surety appealed and later settled the judgment on the defendant's bond, it was still obligated to the garnishor bank for the amount of the bank's claim. 784 S.W.2d 114, 122 (Tex. App.—Fort Worth 1990, no writ).

In *Redisco, Inc. v. Laredo Mopac Employees Credit Union*, the garnishor applied for a writ for indebtedness owed to A.H. Bailey. 516 S.W.2d 197, 198 (Tex. App.—San Antonio 1974, no writ). The garnishee credit union answered that it was indebted to A.H. Bailey for the sum of $16.39. *Id.* In the trial there was evidence that when the writ was served on the credit union, the debtor's wife Pearl had an account in her name, and over $4,000 was withdrawn thereafter from her account. *Id*. The appellate court held sufficient evidence supported the trial court's implied finding that the garnishor failed to meet its burden of proof that the credit union knew Pearl Bailey was the wife of A.H. Bailey and that A.H. Bailey had some interest in her account. *Id.* at 199.

The case cited by Woodforest is more instructive. In *Zimmerman v. First National Bank of Bowie*, the garnishor Bank filed a sworn application for a writ of

8

garnishment against "T.W. Zimmerman." 235 S.W.2d 720, 722 (Tex. Civ. App.—Fort Worth 1950, writ ref'd n.r.e.). The clerk issued the writ of garnishment against "T.W. Zimmerman" and recited that in a case where the Bank is plaintiff and "Erwin Construction Co., et al are defendants," the Bank claimed an indebtedness of "T.W. Zimmerman." *Id.* The writ was served but Zimmerman did not file an answer, and the Bank took a default judgment and demanded payment. *Id.* The garnishee filed a motion for new trial, which the trial court overruled, and the garnishee appealed. *Id.* The officer who served the writ testified in the motion for new trial hearing that he changed the initials on the writ from "T.W" to "W.T." after he served the writ, so that the writ contained in the record appeared to be against "W.T. Zimmerman." *Id.* at 723. The appellate court held that the trial court erred in denying the motion for new trial. *Id.* at 723–24. First, the appellate court decided what mattered was the name on the writ when it was served on the garnishee. *Id.* at 725. Second, naming all the defendants in the writ was an essential element to its validity before the garnishee could be penalized by the default judgment for having failed to answer concerning his indebtedness to the unnamed persons. *Id.* The appellate court noted that in a direct appeal following the denial of a motion for new trial the appellant need not show the default judgment is void. *Id.* at 724.

Here, the trial court, faced with an official error by the court clerk and a possible failure of service on the defendant debtor, declined to strike the garnishee's

answer for noncompliance with Rule 665. Whether Woodforest will be discharged from the garnishment action is a matter that the trial court has yet to determine. On the record before this Court, we conclude the relator has failed to meet its burden to show an abuse of discretion by the trial court. Accordingly, we lift our order for temporary relief, and we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a), 52.11.

    PETITION DENIED.

                                            PER CURIAM

Submitted on February 13, 2026
Opinion Delivered June 18, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.