ROBERT McREE ET AL. V. G. B. BROWN.

1. VARIANCE—IDEM SONANS.—A citation by publication of "McKee" will not support a judgment against "McRee."

2. SAME—NEW CAUSE OF ACTION—PRACTICE.—The original petition was a suit to recover money paid out, at the instance and request of defendant, to discharge a judgment against him in favor of Ireland. Upon this citation was had by publication. The amended petition sought to recover money, alleged to have been collected from plaintiff by suit in the United States Court, wrongfully recovered by defendant after the payment to Ireland: Held, To be a new cause of action, and that judgment by default could not be taken by reason of service of the original petition.

3. GARNISHEE.—A garnishee served with process from a State court, subsequent to suit against him in the United States Court, cannot plead payment under the proceedings in garnishment in bar of the suit.

4. SAME.—It is error to render judgment against a garnishee over his answer which has not been controverted.

ERROR from Karnes. Tried below before the Hon. Daniel D. Claiborne.

December 12, 1871, G. W. Brown brought suit by attachment against Robert McKee, alleging that McKee was surviving partner of A. B. James & Co., of New Orleans; that said firm was indebted to John Ireland, of Guadalupe county, $779.39, by a judgment rendered in the County Court of

Guadalupe county; that at the request of Ireland and McKee plaintiff, on March 29, 1871, paid off said indebtedness to Ireland for the use and benefit of McKee.

Writs of garnishment were also sued out against W. P. Ballinger, T. M. Jack, and M. F. Mott, of Galveston, executed March 5, 1872.

Service of citation was made by publication.

Ballinger, Jack, and Mott answered, April 30, 1872, "that they were not indebted to Robert McKee, surviving partner of A. B. James & Co., on the 5th day of March, 1872, the time of the service of the writ of garnishment upon them, nor have they been indebted to them since, and they are not now indebted to him; that they had no effects of the said Robert McKee in their possession on the 5th of March, 1872, and that they have no effects of his at this time; * * that they do not know of any such party as Robert McKee."

That the law firm of Ballinger, Jack, & Mott composed of said garnishees, had in their possession on March 5, 1872, the sum of $760.10 belonging to Robert McRee, surviving partner of A. B. James & Co., but it has been paid over by them to Chandler & Carleton, attorneys at Austin, from whom they received the claim upon which said money was collected and to whom they were responsible for the same."

November 15, 1872, after service of citation, plaintiff amended his petition, alleging that the name of defendant was McRee, and making the correction in the petition and in the garnishee process, and *alias* commissions were obtained to ascertain the indebtedness, &c., of Ballinger, Jack & Mott to McRee.

In answer to interrogatories the garnishees stated they "did not know that McRee was surviving partner of A. B. James & Co., or that he was defendant in this suit," and had no reason to presume that there was any mistake in spelling; that they did not know that McRee, surviving partner of A. B. James & Co., was defendant, and that the name McKee

was used in the writ by mistake; that they had never heard of the suit until the service of the writ of garnishment.

March 15, 1873, plaintiff, by amendment, alleged that John Ireland, under a judgment against McRee, surviving partner of A. B. James & Co., had caused plaintiff to be served with a writ of garnishment; that he answered, admitting an indebtedness to A. B. James & Co.; that at the same time suit was pending in the United States Court at Galveston by McRee, surviving partner, &c., against plaintiff and E. A. Mayfield and C. C. Cotton, for the same debt admitted by plaintiff in the garnishment proceedings under the Ireland judgment; that plaintiff, by an arrangement with Mayfield and Cotton, had assumed the payment of the entire debt; that Mayfield had employed counsel in the suit at Galveston in the United States Court, and said counsel put in an answer for plaintiff, who had not been served with process; that plaintiff, in ignorance of the suit in the United States Court, answered admitting the indebtedness; that on his answer Ireland obtained judgment and plaintiff paid the same; that soon after such payment he learned of judgment in the United States Court against himself, Mayfield, and Cotton upon the same indebtedness; that he paid said judgment in the United States Court, which payment was wrongfully enforced, and was a second payment by him of his debt to A. B. James & Co. It was also alleged that upon their answers Ballinger, Jack & Mott were responsible, insisting that the misdemeanor was immaterial, &c.

November 14, 1873, judgment by default was taken against Robert McRee, and on writ of inquiry being executed, judgment was rendered, $769.13, against Brown.

The testimony sustained the allegations in the amended petition. Judgment was rendered also against Ballinger, Jack & Mott for the sum acknowledged to have been in their hands.

McRee brought the case by writ of error to this court.

*Carleton & Robertson*, for plaintiff in error, but their brief did not come to the hands of the reporters.

*Jackson & Jackson*, for defendants in error, cited Mickie *v.* McGehee, 27 Tex., 134; Butterworth *v.* Kinsey, 14 Tex., 495; M'Clelland *v.* Smith, 3 Tex., 210; Hart *v.* The State, 38 Tex., 382; Callison *v.* Autry, 4 Tex., 371; Lawler *v.* White, 27 Tex., 250; 1 Am. Lead. Cases, 738.

MOORE, ASSOCIATE JUSTICE.—While it is undoubtedly true, as was said by Justice Lipscomb in the case of M'Clelland *v.* Smith, 3 Tex., 210, that the stringency with which the rule as to a variance between the cause of action declared on and the evidence offered to support it has been greatly relaxed by the more recent decisions, in the English as well as American courts, from the rigidity with which it was formerly adhered to and enforced, yet we have been cited by the defendant in error to no case, and we think none can be found, which will sustain a judgment by default against Robert McRee, on citation by publication to Robert McKee. There is, indeed, in our opinion, a palpable distinction and marked difference in the question presented by the objection of variance between the instruments offered in evidence and described in the pleading and that which has to be determined, when it is claimed that the party against whom judgment has been rendered by default is not the same person to whom citation was issued and upon whom constructive service has been made by publication.

If there is a mere immaterial discrepancy in the manner of writing or spelling the name of the defendant in the citation and the judgment, the doctrine of *idem sonans* may be invoked to sustain the judgment, because, in such case, it is manifest to the court that the party against whom the judgment is rendered is in fact the same person upon whom the citation was served. And when personal service is had on the proper party, though he has failed to appear, there may

be more reason in holding him bound, notwithstanding an error in the citation, than when notice is given merely by publication. In support of a judgment against a non-resident on constructive service, evidently the court should indulge in no presumption not strictly and clearly warranted by the record. Certainly the names McKee and McRee, neither to the eye nor ear, convey the idea that they refer or apply to the same person. There may be some sort of euphony in their pronunciation; but there is no more similarity of sound between them than there is between "Doe" and "Roe;" and from reading them it would not be supposed that the same person was referred to more readily than would we come to a like conclusion from reading the names of these celebrated legal entities.

There is also another ground upon which the objection to the judgment for want of sufficient service upon McRee must be held fatal. The original petition is brought to recover money alleged to have been paid out at the special instance and request of the defendant to discharge a judgment against him recovered by Ireland, while the cause of action set up in the amended petition is not to recover the money paid to Ireland, but money alleged to have been collected from plaintiff on a judgment against him in the United States Circuit Court for the Eastern District of Texas, wrongfully recovered by McRee after the payment as aforesaid to Ireland. This is evidently a different cause of action from that set up in the original petition; and under such circumstances a judgment by default cannot be taken against the defendant, who has made no appearance, merely by reason of the service of the original petition. (Morrison v. Walker, 22 Tex., 20 ; Erskine v. Wilson, 27 Tex., 118.)

But though Brown, as he alleges, has paid the same debt twice, it may be questioned whether he has taken the proper course or applied to the proper tribunal for relief. From the statement of facts incorporated into and forming a part

of the judgment, it seems that his debt to James & Co. was one for which he was jointly liable with Mayfield and Cotton. If it was a partnership debt, it is held in many courts that he could not be forced to pay it on a separate writ of garnishment; and if he has done so, without a proper effort to protect himself, he is not entitled to relief. (Drake on Attach., sec. 561 and note 627.) It is not shown whether the writ of garnishment by Ireland was served before or after the bringing of the suit in the United States Court. If it was afterwards, it seems to be held by the Supreme Court of the United States (Wallace *v.* M'Connell, 13 Pet., 136) that the garnishment cannot arrest the suit or preclude the plaintiff from recovering judgment in that court; nor can the garnishee protect himself by pleading the garnishment *puis darin* continuance. (Drake on Attach., secs. 701, 702, 703.) And if Brown was entitled to relief against the last judgment, it may also be well questioned whether he should not have gone to the court rendering the judgment to obtain it, instead of, in effect, attempting to correct it by a collateral proceeding in another tribunal. Apart, however, from these suggestions, which are merely presented for proper investigation and consideration, if necessary in the future progress of the case, we think it quite obvious that the petition on which the judgment is rendered fails to present the facts and circumstances connected with and under which the alleged payments were made, with sufficient distinctness and certainty to entitle Brown to the relief for which he asks.

The answers of Ballinger, Jack & Mott to the writs of garnishment positively deny any indebtedness or possession of any property or effects belonging to the defendant McKee. And in their answers to the interrogatories propounded to them by Brown, they also deny that they knew or believed that the name "McKee" in plaintiff's petition was a mistake for "McRee." Their answers were not controverted; and even if the judgment against McRee could be upheld,.

the judgment against them, being in direct conflict with their answers, cannot be sustained.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.