SOUTHERN PACIFIC COMPANY V. BLOCK BROS.

No. 3251.

1. **Citation—Identity.**—Citation was issued against "The Southern Pacific Railroad Company." The return of the sheriff showed service upon "The Southern Pacific Company." Plaintiff filed an amendment designating the defendant as "The Southern Pacific Company." This amendment was not served, and judgment by default was rendered against "The Southern Pacific Company." On error by "The Southern Pacific Company," *held*, that the name of plaintiff in error as defendant was not stated in the citation. The Southern Pacific Railroad Company and the Southern Pacific Company can not be regarded as identical.

2. **Amendment — Practice.** — It is not the province of an amendment never served to supply the absence of service of citation. See example.

ERROR from Dallas. Tried below before Hon. R. E. BURKE. The opinion states the case.

*Perryman & Gillaspie*, for plaintiff in error, cited Rev. Stats., art. 1445; Hart v. Weatherford, 19 Texas, 57; Burditt v. Howth, 45 Texas, 466.

*Edward Gray*, for defendant in error.—The court had jurisdiction of the person of the plaintiff in error. The Southern Pacific Company was served with citation herein by delivery to its local agent at Houston, Texas, C. C. Gibbs. The citation, it is true, was issued to the Southern Pacific Railway Company, but was served on the Southern Pacific Company, which was a railway company, and said company was served with a certified copy of plaintiff's petition, which showed clearly that it was the company sued. The description of plaintiff in error was sufficient. Railway v. The State, 17 S. W. Rep. (Ark.), 806; Railway v. Donahoe, 56 Texas, 162.

TARLTON, JUDGE, *Section B.*—October 5, 1889, defendants in error, as plaintiffs below, filed their original petition in the District Court of

Dallas County, complaining of Charles Dillingham, receiver of the Houston & Texas Central Railway Company, and of the Southern Pacific *Railway* Company and the Louisville & Nashville Railway Company, as defendants. Plaintiffs sought to recover the sum of $688.90, the value of a certain cargo of potatoes, onions, apples, and cabbage shipped from Sandusky, Ohio, to Dallas, Texas December 21, 1889, citation issued commanding the sheriff of Harris County to summon the Southern Pacific *Railway* Company to appear and answer. This citation, on November 6, 1889, together with a certified copy of the petition, was served on the *Southern Pacific Company*.

Subsequently an amended petition was presented, complaining of plaintiffs in error under the name of the Southern Pacific Company, omitting the word "railway" used in the original petition and in the citation. There was no service of the amended petition upon plaintiff in error. A question is presented as to whether or not this amended petition was "filed" by the clerk and should be regarded as a part of the record. For the purposes of this appeal it is unnecessary to consider this question. The paper will here be treated as having been duly "filed."

January 16, 1891, plaintiffs dismissed their suit as to the Louisville & Nashville Railway Company. A trial by jury was had, resulting in a verdict in favor of the defendant Charles Dillingham, receiver, and plaintiffs took judgment by default against the Southern Pacific Company, which prosecutes this writ of error.

Plaintiff in error contends that the judgment is unwarranted, because there was no service of citation upon it, nor was there waiver of service or appearance by it.

We sustain this contention. Article 1215 of the Revised Statutes requires, that the citation shall state the "names of all the parties." The name of plaintiff in error as defendant was not stated in the citation. The Southern Pacific Railway Company and the Southern Pacific Company can not be regarded as identical. The names indicate different and distinct entities. It was not within the province of an amendment never served to supply the absence of service. Neither the citation nor the petition accompanying it authorized service upon the Southern Pacific Company.

The judgment by default should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 15, 1892.