John W. Robbins, State Treasurer, Garnishee, v. R. I. Midkiff.

Decided May 3, 1907.

**1.—Mutual Insurance Companies—Garnishment—Act Construed.**

The provisions of chapter CIX of the general laws of 1903 apply to mutual insurance companies organized under laws in force previous to that time as well as to such companies as have been organized under that law, and the securities deposited by such companies with the State Treasurer are subject to garnishment.

**2.—Corporate Name—Change—Estoppel.**

When a corporation uniformly does business, and suffers a judgment to be obtained against it, under a name slightly different from that given in its charter, it will be held to have changed its name in fact, although not in the manner required by law, and will not be heard to question the validity of a judgment so obtained and subsequent garnishment proceedings based thereon.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Robert V. Davidson*, attorney general, and *William E. Hawkins*, assistant attorney general, for appellant.

*Hunt & Myer*, for appellee.

PLEASANTS, Associate Justice.—The appellee R. L. Midkiff having obtained a judgment in the District Court of Harris county against the Standard Mutual Fire Insurance Company for the sum of $1,415.67 sought by garnishment proceedings to subject to the payment the deposits made by said company with the State Treasurer under the provisions of Chapter CIX of General Laws of the 28th Legislature. The treasurer answered that he had in his possession $507.60 in money and a note in favor of the Standard Fire Insurance Company for $500 deposited in the name of the Standard Mutual Fire Insurance Company under the provisions of the statute before mentioned. Upon the trial in the court below judgment was rendered in favor of appellee for the money and note with direction that said money and the amount collected on said note be credited upon the judgment in favor of appellee against the insurance company.

The following agreed statement of facts, upon which the motion for a new trial was submitted in the court below, are all of the material facts upon the issues presented by appellant's brief.

"1. That the original defendant in the cause out of which grew

this garnishment suit, same being entitled upon the docket of this court 35,904, R. L. Midkiff v. Standard Mutual Fire Insurance Company, was incorporated on the 10th day of November, 1902, as and in the name of Standard Fire Insurance Company, and that there has been no amendment of its charter.

2. That after the taking effect of the Chapter CIX of the General Laws of the Twenty-eighth Legislature of Texas (1903, page 166, et seq.), said Standard Fire Insurance Company filed in the office of the Commissioner of Agriculture, Insurance, Statistics and History of the State of Texas, a report in the nature of a sworn statement, the report being made in the name of the Standard Mutual Fire Insurance Company, and thereafter said Commissioner issued to said corporation, in the name of Standard Mutual Fire Insurance Company, a license to solicit business and issue policies against loss by fire. Said license was issued for the purpose of permitting said corporation to do business under said Chapter CIX.

3. The money and securities described in the original answer heretofore filed in this cause by said garnishee were deposited in his hands in an effort to comply with the requirements of said Chapter CIX.

4. Ever since the date of the issuance of said license said Standard Fire Insurance Company has been doing business in the State of Texas as the Standard Mutual Fire Insurance Company.

5. It is distinctly stipulated and understood that this agreement is not intended, and shall not be construed as asserting or admitting that said Insurance Company has in other respects complied with the requirements of said Chapter CIX, there simply being no agreement with reference thereto."

The grounds upon which appellant assails the judgment of the court below are clearly presented in the second and fourth assignments of error, which are as follows:

"The District Court erred in rendering any judgment whatever against said defendant garnishee, because the undisputed evidence in this case shows that the defendant in the original suit was not incorporated under Chapter CIX of the General Laws of the Twenty-eighth Legislature of Texas; the provisions of section 6 of said statute, subjecting to garnishment process securities held in trust by the State Treasurer, being applicable solely and alone to securities held by said State Treasurer, in compliance with the law, for a company incorporated under the provisions of said statute, and not otherwise."

"The court erred in not granting the first amended motion of defendant garnishee for a new trial in this cause, and in not setting aside its original judgment against said garnishee, because it appeared from the written agreement of the parties, which was filed on August 7, 1906, and offered in evidence upon the hearing of said amended motion that the original judgment in favor of the plaintiff, R. L. Midkiff, out of which grew these proceedings in garnishment, was rendered by said court in a cause wherein said R. L. Midkiff was plaintiff and the Standard Mutual Fire Insurance

Company, a corporation, was defendant, and that the note and money described in the answer of said garnishee were deposited with said State Treasurer, garnishee, by and were held by him in trust for the corporation chartered under the laws of the State of Texas in the name of Standard Fire Insurance Company, and that said charter has never been amended."

The Act of the Legislature referred to in the assignment, as shown by its caption, is "An Act to provide for the incorporation of mutual, fire, storm and lightning insurance companies, and defining their powers and duties, and applying the provisions of this Act to mutual insurance companies heretofore organized under the laws of this State, and providing penalties for the violation of this Act."

The first four sections of the Act relate to the manner in which corporations of the character named may be organized. Section five provides for the investment of 60 per cent. of the first assessment made by companies organized under this Act, in securities of certain character and the deposit of such securities with the State Treasurer. Section six relates to the manner and time in which losses shall be paid, and also contains the following provision: "Should any company incorporated under the provisions of this Act, within sixty days after the rendition of any judgment against such company fail to pay same, upon request of the party obtaining the judgment, the Commissioner of Insurance shall furnish to him a list of the securities held in trust by the State Treasurer for such company and all such securities shall be subject to garnishment."

Section 11 provides that "all mutual insurance companies heretofore incorporated under the laws of this State, and those incorporated by virtue of this Act, shall, from and after the passage of this Act, set aside 60 per cent. of all gross premiums for the payment of losses." This section further provides for the investment of the reserve fund of such companies in securities and the deposit of the securities with the State Treasurer as provided in section 5 of the Act.

Section 12 provides that "Every mutual insurance company heretofore organized under the laws of this State shall conform to the provisions of this Act," etc.

Section 14 provides that "Immediately upon the passage of this Act each mutual insurance company heretofore organized under the laws of this State shall make a report, as provided by law of stock insurance companies, to the Commissioner of Insurance, and upon failure to make such report within thirty days such company shall forfeit its charter and shall not thereafter be permitted to do business in this State."

We do not think the provision of section 6 of said Act, before quoted, should be given the restricted literal construction contended for by appellant under the second assignment of error. It was clearly the intention of the Legislature, as expressed in several of the provisions of the Act before set out, to make all mutual insurance companies of the kind designated subject to all of the provisions of the Act designed for the protection of the policy holders by

securing the certain and prompt payment of losses. To this end all such companies, whether organized under said Act, or under previous laws of the State, are required to invest a portion of their premiums in securities and deposit such securities with the State Treasurer, the evident purpose in requiring such deposit being, that in case of the failure of any of such companies to pay any loss due under a policy issued by it, the deposit of the company with the State Treasurer could be subjected to the satisfaction of such loss. The language of section 6, if that section be considered without regard to the other sections of the Act, only authorizes the garnishment of securities deposited by companies incorporated under the provisions of the Act, but when read in connection with other provisions of the Act, which in express language makes companies previously organized subject to the provisions of the Act, it should be construed as giving the right to garnish securities deposited under the provisions of said Act by companies incorporated or acting thereunder. This construction renders the operation of the law uniform, and conforms with the manifest intention of the Legislature as expressed in the Act when it is considered as a whole. Russell v. Farquhar, 55 Texas, 355; Holly v. Simons, 13 Texas Ct. Rep., 811; City of Houston v. Dooley, 13 Texas Ct. Rep., 879.

The second objection to the judgment is also. without merit. The record shows that in compliance with the requirements of the Act before mentioned the Standard Fire Insurance Company had filed a sworn report with the Insurance Commissioner in which the company was designated as the Standard Mutual Fire Insurance Company and that after the filing of said report a license was issued by the Commissioner to said company as the Standard Mutual Fire Insurance Company and it thereafter did business only under such name. It deposited the securities attached by the writ of garnishment herein in the name of the Standard Mutual Fire Insurance Company. It was sued and answered in said name in the original suit in which the judgment upon which the garnishment was sued out was rendered, and no question has been raised at any time by said company as to the validity of the judgment against it.

The identity of the corporation against whom the judgment was rendered with that of the owner of the property attached being thus conclusively shown, the fact that it was acting under a different name from that given in its charter cannot affect the right of appellee to subject the property to the payment of his judgment. While there was no amendment of its charter and the change in its name was not made in the manner required by law, the company did in fact change its name, and having answered in the suit brought against it by the appellee in the name in which it was actually doing business, we do not think it could question the validity of a judgment against it in that name.

The questions involved in the cases of Southern Pac. Ry. Co. v. Block Bros., 84 Texas, 22, and Southern Pac. Ry. Co. v. Burns, 23 S. W. Rep., 289, were entirely different from the one here raised, and those cases are not authority for the proposition that

the judgment in this case is not a valid judgment against the Standard Fire Insurance Company.

We are of opinion that the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*