## MECCA FIRE INS. CO. v. CAMPBELL.

(Court of Civil Appeals of Texas. Galveston. Feb. 27, 1912.)

1. JUDGMENT (§ 17*)—PROCESS—IDENTITY OF NAMES.

A default judgment against the "Mecca Fire Insurance Company (Mutual) of Waco, Tex.," cannot be sustained on citation to the "Mecca Fire Insurance Company of Waco, Tex.," in the absence of allegation that the corporation used the two names indifferently.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33, 157, 422; Dec. Dig. § 17.*]

2. PLEADING (§ 310*)—ACTION ON POLICY—EXHIBITS.

A fire policy attached as an exhibit to the petition in a suit thereon cannot be looked to, to supply by inference the fact that the insurance company used two names indifferently to designate itself.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 944, 946, 947; Dec. Dig. § 310.*]

Error from District Court, Trinity County; S. W. Dean, Judge.

Action by A. M. Campbell against the Mecca Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. L. Eason, for plaintiff in error. A. M. Campbell and Crow & Phillips, for defendant in error.

REESE, J. A. M. Campbell instituted this action in the district court against the Mecca Fire Insurance Company (Mutual) of Waco, Tex., to recover the amount of a certain fire insurance policy for $500. Defendant did not answer, and plaintiff had judgment by default with writ of inquiry to ascertain his damages. Upon execution of the writ he had judgment for the full amount of the policy, from which judgment defendant prosecutes this writ of error. The only question presented on this appeal is the sufficiency of the citation and service to authorize the judgment.

The first part of the petition is as follows: "Now comes A. M. Campbell, who resides in Trinity county, Tex., hereinafter called plaintiff, complaining of the Mecca Fire Insurance Company (Mutual) of Waco, Tex., a private corporation organized and existing under and by virtue of the laws of the state of Texas, and transacting a fire insurance business in Trinity county, Tex., with Chas. A. Weathered, who resides in the city of Waco, in the county of McLennan and state of Texas, as its secretary and treasurer, upon whom service of process herein may be had, the said corporation, the Mecca Fire Insurance Company, being hereinafter styled defendant." Thereafter in the petition when the name of the defendant is used it is given as the "Mecca Fire Insurance Company of Waco." The policy is attached to the petition as an exhibit, and is expressly made a part of the petition. The initial part of the

policy is as follows: "No. 16312. Incorporated under the laws of the state of Texas. Established 1902. Reserve deposited with the state of Texas. $500.00. The Mecca Fire Insurance Company (Mutual) of Waco, Texas."

An examination of the policy discloses the following: "The defendant in its policy of insurance and in the face and caption thereof styles itself: 'The Mecca Fire Insurance Co. (Mutual) of Waco, Texas.' In an indorsement describing the property insured, it signs its name in the same manner. In an indorsement annexed to said policy on the date of its issuance providing that loss, if any, should be held payable to an A. M. Campbell, the defendant signs its name: 'Mecca Fire Insurance Company of Waco, Texas.' On the face of the folded policy appears a conspicuous indorsement of the name of the company as follows: 'The Mecca Fire Insurance Company, Mutual of Waco, Texas.' (N. B.) The parenthesis is omitted from the word 'Mutual.' An indorsement on the reverse side of said policy, but equally conspicuous, styles the company: 'The Mecca Fire Insurance Company (Mutual) of Waco, Texas (Incorporated).' In another conspicuous place on said policy the name of the company is indorsed simply: 'The Mecca Fire Ins. Co.' The assignment of interest by insured and the consent of the company thereto are both indorsed upon the reverse of said policy in substance and in words as follows: 'The interest of Marshall Elliott as owner of property covered by this policy is hereby assigned to Hon. A. M. Campbell, subject to the consent of the Mecca Fire Insurance Company of Waco, Texas, Marshall Elliott. [Signature of the insured.] The Mecca Fire Insurance Company of Waco, Texas, hereby consents that the interest of Marshall Elliott as owner of the property covered by this policy be assigned to Hon. A. M. Campbell, Chas. A. Weathered. [Signature of company.]' The policy sued on discloses upon inspection that the company therein designates itself three times as 'The Mecca Fire Insurance Company (Mutual) of Waco, Texas,' and six times as 'The Mecca Fire Insurance Company of Waco, Texas,' once as 'The Mecca Fire Insurance Company (Mutual) of Waco, Texas (Incorporated)' once as 'The Mecca Fire Insurance Company Mutual of Waco, Texas,' and once as 'The Mecca Fire Ins. Co.' Chas. A. Weathered, secretary and treasurer of defendant company, in signing for the company the said policy and indorsements, indifferently wrote the name as 'The Mecca Fire Insurance Company of Waco, Texas,' and as 'The Mecca Fire Insurance Company (Mutual) of Waco, Texas.'"

There is no allegation in the petition that the defendant is known by either name, or that it used either name indifferently in the transaction of its business. Upon this petition a citation was issued in regular form directing the officer to summon the "Mecca Fire Insurance Company of Waco, Texas." The return of the sheriff shows service by delivery of a true copy of the citation, together with a certified copy of plaintiff's petition accompanying the same, to Chas. A. Weathered, secretary and treasurer of the Mecca Fire Insurance Company of Waco, Tex. On appearance day W. L. Eason, as amicus curiæ, filed a paper in the cause suggesting that the citation and service were fatally defective inasmuch as the defendant sued was the Mecca Fire Insurance Company (Mutual) of Waco, Tex., and the citation ran in the name of the Mecca Fire Insurance Company of Waco, Tex., and that the citation and service were otherwise defective. This paper is indorsed "A. M. Campbell v. The Mecca Fire Insurance Company of Waco. Suggestion of amicus curiæ." The court declined to consider the suggestion of amicus curiæ, and, there being no answer, rendered judgment by default, as stated, against the Mecca Fire Insurance Company (Mutual) of Waco, Texas. The judgment contains the following: "And the court having heard the evidence and having considered the pleadings, the evidence, and the argument of counsel, and it appearing to the court that this is a suit for damages against the Mecca Fire Insurance Company (Mutual) of Waco, Texas, for loss and damage sustained by fire to property of plaintiff insured against loss and damage by fire under its policy of insurance issued to one Marshall Elliott, under the corporate name and style above set out, and transferred to and made payable to A. M. Campbell, the plaintiff, by the same Marshall Elliott and by defendant, styling itself in the instrument of writing by which it affected said transfer, the Mecca Fire Insurance Company of Waco, Tex., and it further appearing to the court that the Mecca Fire Insurance Company (Mutual) of Waco, Tex., and the Mecca Fire Insurance Company of Waco, Tex., are not names of two separate and distinct corporations, but are two names under both of which the defendant holds itself out to the public and contracts with its policy holders and transacts its said fire insurance business." Just what evidence was heard by the court does not appear, as there is no statement of facts in the record.

[1, 2] The majority of the court is of the opinion that the citation and service thereof are insufficient to authorize judgment by default against the "Mecca Fire Insurance Company (Mutual) of Waco, Tex." Briefly stated the majority holds that prima facie the two names are names not of the same but of different corporations. Railway Co. v. Black, 84 Tex. 21, 19 S. W. 300; John Bickford v. Refugio Land & Irrigation Co., 143 S. W. 1188, decided by this court at present term. It is recognized that, where a corporation in the transaction of its business uses indifferently its proper corporate name and another name slightly different,

it may be sued and service be had upon it by either name, as in case of a private individual; but that, if this is attempted to be done, the petition should allege the fact, and that in the absence of a substantial allegation of such fact, evidence cannot properly be heard, and if heard cannot properly be considered, that the corporation is known by both names, or makes use of both names indifferently in the transaction of its business, upon familiar principle that facts not alleged, though proven, cannot be made the basis of a judgment. It is held by the majority that there is no such allegation in the petition, and if the policy attached as an exhibit inferentially shows this fact, it cannot be looked to in order to aid the petition and supply the want of such allegation therein. Shuttuck v. Griffin, 44 Tex. 567; Wynne v. National Bank, 82 Tex. 382, 17 S. W. 918. The plaintiff's case fails, not for want of the necessary proof, but for want of the necessary allegations in the petition. It follows that the court erred in rendering judgment by default, for which error the judgment should be reversed and the cause remanded.

The writer is reluctantly compelled to dissent from these views. It is true that the petition lacks the direct allegation that the "Mecca Fire Insurance Company (Mutual) of Waco, Tex.," and "Mecca Fire Insurance Company of Waco, Tex.," omitting the word (Mutual) in parenthesis, refers to the same corporation, and that it uses both names in its business. I am inclined to hold that the use in the beginning part of the petition of the former name, followed by the use of the latter name subsequently in the petition and referring to "the said corporation" by that name in connection with the policy attached as an exhibit, and expressly made a part of the petition, were sufficient to let in the proof that they were both names of the same corporation, indifferently used by it in the transaction of its business, and that therefore the citation and service were sufficient to authorize the judgment. Just what is the correct name of the corporation is not shown further than appears from what is stated herein. It is stated in the petition that "Chas. A. Weathered is secretary and treasurer of the Mecca Fire Insurance Company (Mutual) of Waco, Tex.," and this is not put in issue. Bradstreet v. Gill, 72 Tex. 116, 9 S. W. 753, 2 L. R. A. 405, 13 Am. St. Rep. 768; Railway v. Gage, 63 Tex. 572. A certified copy of the petition (with the exhibit) was served on Weathered, and it would seem to be a sacrifice of substance to form to hold that he as secretary and treasurer of the Mecca Fire Insurance Company (Mutual) of Waco, Tex., was not apprised thereby that that company was sued.

We all agree that the other objections to the service of the citation are without merit.

For the error indicated, the judgment is reversed, and the cause remanded.