Frank NAIL, Appellant,

v.

GENE BIDDLE FEED COMPANY, Inc., et al., Appellees.

No. 6393.

Court of Civil Appeals of Texas. Beaumont.

April 27, 1961.

Rehearing Denied June 7, 1961.

McLeroy & McLeroy, Center, for appellant.

McDaniel, Hunt & Fairchild, Center, for appellees.

HIGHTOWER, Justice.

This is an appeal from the trial court's refusal to set aside a default judgment rendered against appellant Frank Nail upon a petition directed against his son, B. F. Nail, and citation issued to said B. F. Nail but personally served upon Frank Nail.

Gene Biddle Feed Company, Inc., et al., filed its petition in the county court of Shelby County against B. F. Nail as sole defendant for the balance of the purchase price of a truck load of chickens. Citation designating B. F. Nail as defendant in the suit was subsequently served upon his father Frank Nail, but the sheriff's return showed said citation to have been personally served on the party named therein, B. F. Nail. However, it is undisputed that B. F. Nail was never served. In proper time default judgment was entered in favor of plaintiff against Frank Nail, who thereafter timely filed his motion for new trial seeking to set aside said judgment by reason of the premises. It was established on the hearing for new trial that B. F. Nail, within the required time, filed his answer to plaintiff's petition in form of a general denial, and thereafter the cause was set for trial on the 22nd day of February, 1960, at which time the plaintiff, through its attorney, appeared and announced ready for trial, and B. F. Nail appeared personally and through his attorney, Hon. Tom McLeroy, who announced ready for B. F. Nail but stated that he was not representing Frank Nail who did not appear and who had filed no answer therein. The attorney for plaintiff then announced to the court, in substance, that the initials "B. F." were merely a misnomer of Frank Nail, the party intended to be sued, and that plaintiff was only proceeding against Frank Nail as defendant. No effort having been made by appellee to amend its petition, or the citation issued thereunder, but it having been established that the citation was in fact personally served on Frank Nail, the court thereupon entered judgment against him as aforesaid and he has, therefore, timely perfected his appeal to this court.

■ Without regard to the question of misnomer or mistaken identity, judgment was not based upon citation conforming to the mandatory requisites of Rule 101, Texas Rules of Civil Procedure, in that the citation was not directed to, nor did it command, appellant Frank Nail to answer to plaintiff's cause of action. It is the general rule in such cases, long adhered to, that it is reversible error to render judgment against a defendant in such circumstances who has not appeared and answered or otherwise waived the defect. Southern Pacific Co. v. Block, 84 Tex. 21, 19 S.W. 300; Faver v. Robinson, 46 Tex. 204; Mecca Fire Ins. Co. v. Campbell, Tex.Civ.App., 145 S.W. 630; Nueces Hardware & Implement Co. v. Jecker, Tex.Civ.App., 56 S.W.2d 474; Gillette Motor Transport Co. v. Whitfield, Tex.Civ.App., 160 S.W.2d 290.

■ Appellee first seeks to sustain the judgment of the trial court by urging that inasmuch as appellant, on the hearing of motion for new trial, failed to plead or prove a meritorious defense to the judgment, he was precluded from having the same set aside, citing Brown v. Clippinger, 113 Tex. 364, 256 S.W. 254; Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363; Sanders et al. v. Harder, 148 Tex. 593, 227 S.W.2d 206; Wieser v. Thompson Grocery Co., Tex.Civ.App., 8, S.W.2d 1100, n. r. h. Upon examination of

such cases, however, it is found that the attacks made upon the judgments therein were either collateral or in the nature of new and independent suits seeking to declare the same totally void for defects or irregularities in the petitions or process therein. It is well established that on direct attack of this nature, or by writ of error, judgments rendered in such circumstances may be successfully attacked absent a showing of meritorious defense. City of Fort Worth v. Gause, 129 Tex. 25, 101 S.W.2d 221, Syl. 4, p. 223; Tex.Jur. Vol. 25, Sec. 174, p. 572.

■ Appellee next urges in support of the action of the trial court: "even though the defendant is sued in the wrong name and service is had upon him, a misnomer of the defendant will not render a judgment based upon personal service, even by default, void, provided that the intention to sue the defendant who was actually served with citation is so evident from the pleadings and process that the defendant could not have been misled, McDonald Texas Civil Practice, Volume 2, Section 6.04, and defendant who was served actually makes his appearance and does not file a plea in abatement to the misnomer. In such cases he is bound by the judgment rendered against him regardless of how it is attacked. J. C. Woolridge Lumber Company v. Moss [Tex.Civ.App.], 100 S.W.2d 736 (Amarill, 1937, No Writ History)."

Accepting it as a fact that Mr. McLeroy customarily represented appellant in legal matters, there is no evidence of a probative nature in the record before us that he in fact represented him in the proceedings culminating in the default judgment. There is much hearsay in the record and argument in appellees' brief to the effect that such attorney did appear for appellant, but this is specifically refuted by the trial court's ruling that such attorney was not representing appellant and its refusal, upon motion of appellees, to permit him to enter into the proceedings leading up to the default judgment. Such contentions were and are, of course, stoutly denied by Mr.

McLeroy. In the circumstances it cannot be said that appellant was bound to have filed a plea in abatement in setting out the defects in the petition and citation as a prerequisite to the relief he seeks.

Judgment reversed and remanded.