**John FLEMING and Kent Kidder, Appellants,**

v.

**A. L. HERNDEN, Appellee.**

**No. 6716.**

Court of Civil Appeals of Texas, El Paso.

March 15, 1978.

Rehearing Denied April 5, 1978.

Craig L. Austin, San Antonio, for appellants.

Pepos S. Dounson, San Antonio, for appellee.

## OPINION

OSBORN, Justice.

The Appellants in this case were cited by publication but did not answer. Judgment was entered against them after an answer was filed by an attorney ad litem appointed by the Court. The Appellants then filed an answer and a "Motion to Set Aside Default Judgment or Alternatively, Motion for New Trial" within ten days after the judgment. The motion was overruled, resulting in this appeal. We reverse and remand for a new trial.

In an amended petition, Appellee alleged a motel in San Antonio was conveyed to Russell and Joy Kerns, with a deed of trust lien being retained to secure a promissory note. After a default, the Kerns allegedly pledged their interest in certain realty in Bexar County and Willacy County to Appellee. Subsequently, the Kerns sold the property involved in the pledge to another party, and it was eventually conveyed to Appellants. The judgment in this case set aside these conveyances.

There is no procedure in Texas for a default judgment where citation is by publication. *McCarthy v. Jesperson*, 527 S.W.2d 825 (Tex.Civ.App.—El Paso 1975, no writ). Nevertheless, we apply general rules applicable to default judgments since the Defendants did not appear and answer. While ordinarily presumptions are made in support of a judgment, including presumptions of due service of citation where the judgment so recites as in this case, no such presumptions are made in a direct attack upon a default judgment. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965). In a recent article, "Judgments by Default—A Survey of Texas Law," by Pohl and Kirklin, 31 Sw.L.J. 465 at 470–471 (1977), the authors, in discussing defects in citations, make the following comment:

"No judgment can be entered against a defendant who has not been duly served. Strict rules have been established by the courts for testing the validity of citations to insure that a defendant receives proper notice of any proceeding commenced against him. Thus, regardless of which method of service is utilized, the slightest defect in a citation may be fatal, for Texas courts traditionally have been quick to find errors in a citation sufficient to set aside a default judgment. * * * *"

The citation by publication occurred in Bexar County and was directed to "John Fleming and Kent Kedder." The citation as published referred to Mr. Kidder as "Kent Kedder," "Kent A. Dedder," and "Kent A. Kedder." The first point asserts that as to Kent Kidder this citation was defective and could not give notice to the actual defendant being sued, and therefore the judgment based upon such citation is erroneous. The Appellant relies primarily upon the holding in *McRee v. Brown*, 45 Tex. 503 (1876), where the Court held a judgment by default against Robert McRee

could not be sustained on citation by publication to Robert McKee. The Court, in the opinion, noted that where citation is by publication rather than personal service, there is a greater need for the name to be correct.

■ In *Hubner v. Reickhoff*, 103 Iowa 368, 72 N.W. 540 (1897), the Supreme Court of Iowa discussed the rule of "idem sonans" in a case involving the validity of a divorce decree where the defendant had been served by publication. The defendant in the divorce case, Heindrick Keisel, had been served by a notice addressed to Heindrick Keesel. The Court concluded that the rule of "idem sonans" was not applicable and that the service on Mr. Keisel was void where the "i" had been changed to an "e" in his last name, and that a collateral attack could be made upon the divorce decree. Likewise, in our case, we have a citation in which an "i" was changed to an "e" in the last name of the defendant although in our case we have a direct rather than a collateral attack upon the judgment. We believe the citation directed to Kent Kedder was defective and the judgment based thereon was erroneous.

■ Appellee asserts that filing an answer and motion for new trial after the judgment invoked the jurisdiction of the trial court and no complaint may be made about the citation. He relies upon *Ana-Log, Inc. v. City of Tyler*, 520 S.W.2d 819 (Tex.Civ.App.—Tyler 1975, no writ). The opinion in that case makes it clear that after an answer is filed, a party cannot complain of *subsequent* proceedings on the grounds of a defective citation. Certainly, the Appellants have now become subject to the jurisdiction of the Court, but the pleadings after judgment do not cure all errors which resulted in the initial judgment. Upon remand, the parties will be before the Court without need for further citation.

■ Since this is a direct attack upon an erroneous judgment as shown by the record, which includes the defective citation, there was no need to show that Appellants were not negligent in suffering the default judg-

ment to be rendered against him, nor were they required to establish a meritorious defense to the alleged cause of action. *Pace Sports, Inc. v. Davis Brothers Publishing Co.*, 514 S.W.2d 247 (Tex.1974); *Smith v. Smith*, 544 S.W.2d 121 (Tex.1976); *Nail v. Gene Biddle Feed Company*, 347 S.W.2d 830 (Tex.Civ.App.—Beaumont 1961, no writ). The first point of error is sustained.

■ The next point asserts error in failing to comply with Rule 116, Tex.R.Civ.P., by not publishing the citation in Willacy County where one of the parcels of land was located.

Rule 116, Tex.R.Civ.P., provides for service of citation by publication and requires that "[i]n all suits which involve the title to land or partition of real estate, such publication shall be made in the county where the land, or a portion thereof, is situated, if there be a newspaper in such county, but if not, then in an adjoining county to the county where the land or a part thereof is situated, where a newspaper is published."

There is no dispute but that this suit did involve title to land. The record reflects, as shown by the Sheriff's return, that the citation was published in the Commercial Recorder, a newspaper published in the City of San Antonio, Bexar County, Texas. Insofar as the Judgment purports to affect title to land in Willacy County, there was a failure to comply with Rule 116.

For unknown reasons, the Appellants did not make and bring forward a record from the trial court of the hearing on their motion for new trial. Thus, there is no affirmative showing that a newspaper is not published in Willacy County. But for the sake of argument, if we give Appellee the benefit of the issue and assume there was no such paper at the time publication was made, certainly publication in Bexar County was not in "an adjoining county to the county where the land * * * is situated."

While we recognize that the citation was valid in Bexar County as to John Fleming, it was not valid as to him insofar as the land in Willacy County is concerned, and we

have concluded that in the interest of justice, the entire matter should be remanded for a new trial. Point of Error No. II is sustained.

The next three points complain concerning the appointment and acts of the attorney ad litem. The record reflects the appointment of an attorney for John Fleming and other defendants, and the answer which was filed by such attorney in their behalf. The judgment then recites that another attorney, appointed by the Court, represented Mr. Kidder and Mr. Fleming at the hearing in the case. There is no order relieving the first attorney appointed for Mr. Fleming. Appellants assert the second attorney, who actually appeared at the hearing, is an associate in the practice of law with the Appellee, A. L. Hernden. Again, we are faced with the fact that there is no record from the hearing on the motion which establishes this fact. A letter attached to Appellants' brief shows on the letterhead such a relationship existed a few months after the judgment was entered. It is inconceivable that the trial court would appoint an attorney ad litem who was associated with the Plaintiff to serve as an attorney for those with an adverse interest. But the Appellee's brief does not deny the facts asserted by the Appellants. Since there is no record to establish the contention, we may not make such a finding. Point of Error No. V is overruled. The other points become immaterial as the result of our determination of the first two points.

Those parts of the Court's judgment of April 26, 1977, which purport to set aside and hold for naught conveyances of the Willacy County property to Mr. Fleming and the Bexar County property to Mr. Fleming and Mr. Kidder, are reversed and remanded for a new trial.