James **STEPHENSON, a/k/a Jim Stephenson, et al., Appellants,**

v.

**CORPORATE SERVICES, INC., d/b/a Lithocraft Fine Printing, Appellees.**

No. 12–81–0073–CV.

Court of Appeals of Texas, Tyler.

March 31, 1983.

Thomas J. Gavronovic, Franklin, Kelly, Graham & Killough, Houston, for appellant.

George M. Bishop, Sullivan, Bailey, King, Bishop & Sabom, Houston, for appellee.

COLLEY, Justice.

This is an appeal by writ of error challenging the entry of a default judgment against appellants. On April 1, 1980, Corporate Services, d/b/a Lithocraft Fine Printing, hereinafter appellee, filed a suit with sworn account annexed against James Stephenson, a/k/a Jim Stephenson, individually and doing business as Jim Stephenson Investments and Jim Stephenson Co., the Stephenson Foundation, Inc., a nonprofit corporation, Franklin National Corp., Ltd., a Cayman Island (foreign) corporation and Jim Stephenson Company, Inc., a Texas corporation, hereinafter appellants. The suit sought recovery jointly and severally against appellants of the sum of $60,228.27 and interest thereon for an unpaid account for printing services, materials and postage furnished appellants by appellee. Appellee also sought attorney's fees under Article 2226, V.A.C.S., in the amount of $20,000.00.

A statement of facts was filed in the appeal by appellee and reflects that, after the issuance, service, return and filing of citation in the cause the trial court called the case for trial and conducted an evidentiary hearing on damages and attorney's fees on October 21, 1980. Appellee appeared by counsel and Cecil Smith, its representative, and the appellants having theretofore failed to appear or file answers also failed to appear at the call of the case for trial. Cecil Smith, who was the general manager of Lithocraft Fine Printing, was sworn and testified for appellee. The witness testified that he was acquainted with the appellant, James Stephenson, a/k/a Jim Stephenson and that Stephenson had ordered various printing jobs done and instructed the appellee to bill Franklin National Corp., Ltd., or Stephenson Foundation therefor; that Stephenson paid previous printing bills to appellee from all of such companies; and that $60,228.27 was due and owing and unpaid by the appellant to appellee on the printing account. Appellee also introduced into evidence a written agreement signed by appellant Jim Stephenson (Plaintiff's Exhibit No. 3, Transcript p. 19) in which Jim Stephenson personally guaranteed the payment of all indebtednesses owed by Stephenson Foundation no later than December 1, 1979. Sharolyn Wood, attorney for appellee, testified that a reasonable attorney's fee in the case would be $20,000.00. Following this hearing the trial court signed a default judgment in favor of appellee against appellants, jointly and severally, for $60,228.27 damages, prejudgment interest in the amount of $3,486.11, and attorney's fees in the amount of $20,000.00, together with all costs and with interest on the judgment sum at the rate of 9% per annum until paid. On April 20, 1981, appellants filed this petition for writ of error.

In their brief appellants raise three points of error. The first point alleges error in entering the default judgment against appellant, Franklin National Corp., Ltd., and Jim Stephenson Company, Inc., because the officer's return on the citation does not show service on the proper party. The re-

turn on the citation served on appellant, Franklin National Corp., Ltd., reads:

---

### CONSTABLE'S RETURN

Received this writ on the __23__ of __July__, __1980__ at __10:23__ o'clock __A.__ M., and executed the same in Harris County, Texas, on the __27__ day of __Sept.__, 19__80__, at __7:50__ o'clock __P.__ M., by summoning the __FRANKLIN NATIONAL CORP.__,

(by delivering to __JIM STEPHENSON__, in person, a corporation __President__

(by leaving in the principal office during office hours

_____ of said __CORPORATION__ a true copy of this writ, together with accompanying certified copy plaintiff's original petition.

ED "TRACY" MAXON, Constable Precinct No. 5
Harris County, Texas

BY ___/s/ J. LOOP_____, Deputy

---

The return on the citation served on appellant, Jim Stephenson Company, Inc., reads:

---

### CONSTABLE'S RETURN

Received this writ on the __23__ day of __July__, 19 __80__ at __10:23__ o'clock __A.__ M., and executed the same in Harris County, Texas, on the __27__ day of __Sept.__, 19__80__, at __7:50__ o'clock __P.__ M., by summoning the __JIM STEPHENSON COMPANY, INC.__,

(by delivering to __JAMES STEPHENSON__, in person, a corporation __PRESIDENT__

(by leaving in the principal office during office hours

_____ of the said __CORPORATION__ a true copy of this writ, together with accompanying certified copy plaintiff's original petition.

ED "TRACY" MAXON, Constable Precinct No. 5
Harris County, Texas

BY ___/s/ J. LOOP_____, Deputy

---

In support of their argument appellants cite, among other cases, *Southern Pacific Co. v. Block,* 84 Tex. 21, 19 S.W. 300 (Tex.1892). It is clear that a default judgment, not supported by proper service of process, is void. In a direct attack by writ of error on the judgment, no presumption obtains from the recitation in the default judgment that proper service was had. Strict compliance with the law regarding service of process must be affirmatively shown by the transcript unless the defendants in the judgment made an appearance before judgment. *Flynt v. City of Kingsville,* 82 S.W.2d 934 (Tex.Comm'n App.1935, opinion adopted); *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965).

In our case, *Franklin National Corp., Ltd.,* was named as a defendant upon whom service could be had by serving the president, Jim Stephenson. As above set forth the return made by the deputy constable recites that the citation (writ) was executed by ". . . summoning the Franklin National Corp. . . ." The question then is posed, does the well-established "strict compliance" rule announced in *Flynt* and *McKanna* above render the default judgment void as to Franklin National Corp., Ltd., because the officer's return failed to write the word "Ltd." after the word "Corp."? Appellants argue that *Southern Pacific Co., supra,* controls. We do not agree. In that case plaintiff intended to sue Southern Pacific Company, but in fact sued Southern Pacific Railroad Company. The citation was directed to Southern Pacific Railroad Company and the return showed service on Southern Pacific Company. In the case before us appellee named the appellant, Franklin National Corp., Ltd., as a party defendant. The citation directed service on Franklin National Corp., Ltd., by serving Jim Stephenson as president. The return though reciting service was accomplished by summoning Franklin National Corp. by delivery to Jim Stephenson as president a true copy of the writ and a ". . . certified copy of Plaintiff's Original Petition." *Southern Pacific Co.* is obviously distinguishable on the facts as shown by the transcript here. *In that case the intended defendant was not named in the pleading* and the citation was not *directed* to Southern Pacific Co., but to Southern Pacific Railroad Co.

Service of process in this case is governed by Article 2.11, Texas Business Corp. Act, V.A.C.S., which reads in part: "A. The president . . . of the corporation shall be agent of such corporation upon whom any process, notice, . . . may be served."

We have carefully reviewed the transcript in this case and note that in Paragraph 1 of appellee's original petition it is alleged, "Defendant Franklin National Corp., Ltd., may be served with citation by serving its president, Jim Stephenson ... in Harris County, Texas." The purpose of citation is to give notice to a defendant that he has been sued and by whom and for what so that due process will be served and the defendant will have an opportunity to appear and defend the action. *Sgitcovich v. Sgitcovich,* 236 S.W.2d 861, 864 (Tex.Civ. App.—Galveston 1951), rev'd on other grounds, 150 Tex. 398, 241 S.W.2d 142; *Gilbert v. Lobley,* 214 S.W.2d 646, 650 (Tex. Civ.App.—Fort Worth 1948, no writ). In this case an examination of the full record, including the pleadings of appellee and the citation and return thereon, shows affirmatively that appellant, Franklin National Corp., Ltd., was served with proper process sufficient to put it upon notice of the suit. *See, Helfman Motors, Inc. v. Stockman,* 616 S.W.2d 394 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.). And in so holding we decline to follow *Mecca Fire Ins. Co. v. Campbell,* 145 S.W. 630 (Tex.Civ.App.—Galveston 1912, no writ) and adopt the statement in that case made in dissent by Justice Reese at 632: " ... [I]t would seem to be a sacrifice of substance to form ..." to hold in this case that Jim Stephenson alleged to be the president of Franklin National Corp., Ltd., was not apprised by the service here that Franklin National Corp., Ltd., was sued by appellee. In fact, the transcript reflects that on October 30, 1980, (within ten days after the entry of the default judgment) appellant Franklin National Corp., Ltd., filed a motion to set aside the default judgment and for new trial on the grounds that Jim Stephenson was not an officer of said company and was not authorized to accept service. This motion was overruled on November 26, 1980, and the form of the order was approved by appellant's counsel, Thomas J. Gavranovic. We believe that we have given the officer's return a fair, reasonable and natural construction, and considering the record as a whole, have given effect to the plain meaning and intent of the citation and return. 72 C.J.S., Process Section 97; 62 Am Jur 2d, Process, Section 165.

All other cases cited on this point by appellant, including *Brown-McKee, Inc. v. J.F. Bryan & Assoc.,* 522 S.W.2d 958 (Tex. Civ.App.—Texarkana 1975, no writ), are all distinguishable on their facts.

Appellants' point 1, as it refers to the service of process on Jim Stephenson Company, Inc., contends that since the citation directed service on it by serving Jim Stephenson, its president, and the return shows that the process was delivered to James Stephenson, its president, such is fatally defective. There is no merit to such argument. The officer's return that James Stephenson was president of the corporation is prima facie evidence of that fact. *Employer's Reinsurance Corp. v. Brock,* 74 S.W.2d 435 (Tex.Civ.App.—Eastland 1934, writ dism'd); *LaFleaur v. Switzer, et al.,* 109 S.W.2d 239 at 241 (Tex.Civ.App.—Beaumont 1937, no writ). Appellant's point 1 is overruled.

By their second point appellants attack the sufficiency of the sworn account attached to the petition as being insufficiently itemized, and by their third point claim the default judgment must be struck down because of variances between invoices and itemized accounts. Appellants do not point out or set forth any such claimed discrepancies or cite any authorities to support the point. However, we have carefully reviewed the account and pleading of the appellee and find that the petition alleges the sale and delivery of services and goods, wares and merchandise described in Exhibit A; the petition further alleges that the appellants promised to pay and failed to do so, and alleged reasonable attorney's fees on the part of the appellee in the sum of $20,000.00. Exhibit A attached to the pleading includes the affidavit of the account in proper form with a summary of the individual transactions and their respective dates, which are the subject matter of this suit, and the amount due on each of said invoices. Ledger sheets attached to

the account also show a systematic entry of credits and debits in the account and the resulting balances and dates thereof beginning on April 30, 1979, and ending on January 31, 1980. Then follows seven individual invoices as a part of the account, numbered and dated with adequate description of printing jobs done and charges therefor, together with the dates thereof. Therefore we hold that appellee sufficiently complied with Tex.R.Civ.P. 185, and that the account shows with a reasonable degree of certainty the nature each item, i.e., each printing job done, the charges made therefor and the dates of each transaction. *Boucher v. City Paint & Supply, Inc.,* 398 S.W.2d 352 (Tex. Civ.App.—Tyler 1966, n.w.h.); see also *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.,* 460 S.W.2d 168 (Tex.Civ.App.—Houston [1st Dist.] 1970, n.w.h.). Appellant's second point is overruled.

■ As earlier stated in the opinion an evidentiary hearing was conducted by the trial court on the issue of damages and attorney's fees. In that hearing appellee introduced sufficient evidence to establish the furnishing of the printing services, materials and postage by appellee to appellants which was the subject of the sworn account. The testimony of Mr. Smith established the debt as being unpaid in the amount sued for. No complaint is made in this appeal regarding the sufficiency of the evidence to support the award of attorney's fees made by the trial court because of the nature of the mode of review of the judgment sought by appellants. Thus, since we have found that Franklin National Corp., Ltd., and Jim Stephenson Company, Inc., are properly before the court, that appellee alleged a cause of action requiring an answer on the part of all appellants, each of whom failed to appear and answer but wholly made default, the cause of action alleged was admitted, *Watson v. Sheppard Federal Credit Union,* 589 S.W.2d 742, 744 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.); proper proof of damages and attorney's fees being made, the default judgment is upheld. *TXXN, Inc. v. D/FW Steel Co.,* 632 S.W.2d 706, 707 (Tex.App.—Fort

Worth 1982, no writ); *Jones v. Ben Maines Air Conditioning,* 621 S.W.2d 437 (Tex.Civ. App.—Texarkana 1981, no writ).

The judgment of the trial court is affirmed.