Everett COCKRELL, Appellant,

v.

Jose ESTEVEZ, Appellee.

No. 4–87–00206–CV.

Court of Appeals of Texas, San Antonio.

Sept. 16, 1987.

Lance E. Houghtling, San Antonio, for appellant.

Steven M. Gross, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal by writ of error from a default judgment in favor of plaintiff, Juan Estevez. The judgment granted specific performance on a contract to purchase real estate and awarded attorney's fees. In two points of error plaintiff challenges service of process and failure of the default judgment to conform to the pleadings.

Plaintiff's petition misstated the name "Cockrell" as "Cockrall." The name "Cockrell" was properly spelled in the Earnest Money Contract being sued upon which was attached to the petition and incorporated in it by reference. The citation

contains the same misspelling of defendant's name but was personally served on him with the petition attached. The defendant failed to answer or appear, and the default judgment was entered.

The judgment referred to the Earnest Money Contract between the parties as "dated September 18, 1986," when, in fact, the escrow agent dated the instrument on September 16, 1986, and the contract was *executed* on October 15, 1986. The pleadings of the plaintiff set out the date of *execution* as October 15, 1985. The default judgment also referred to and incorporated by reference the original Earnest Money Contract which has the agent's date as well as the correct date of execution.

Almost four months after the judgment was originally signed, an order nunc pro tunc was granted on plaintiff's motion to correct the spelling of the defendant's name.

Plaintiff argues in his first point of error that the default judgment is invalid because the petition, citation and judgment misspelled defendant's name "Everett Cockrall," when the correct spelling is "Everett Cockrell." The second point is that error resulted because of non-conformity between the pleadings and the judgment and that the pleadings describe an earnest money contract dated October 15, 1985, while the judgment describes an earnest money contract dated September 18, 1986.

A petition should serve its designed purpose "to define the issues at trial." *Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 636 (Tex.1982). In this case the earnest money contract is incorporated and attached to the petition; it therefore accurately identifies the parties and provides the defendant "information sufficient to enable him to prepare a defense." *Roark v. Allen,* 633 S.W.2d 804, 810 (Tex. 1982). In addition, we will apply the rule of *idem sonans* [1] because the two spellings

1. The rule of *idem sonans* is that absolute accuracy in spelling a name is not required in a legal document or proceedings, either civil or criminal; that if a name, as spelled in the document, though different from the correct spelling thereof, conveys to the ear, when pronounced ac- cording to the commonly accepted method, a sound practically identical to the correct name as commonly pronounced the name thus given is a sufficient identification of the individual referred to, and no advantage can be taken of

of the name "Cockrell" appear to be nearly indistinguishable by their sounds when pronounced.

■ The Texas Supreme Court has approved in practice, the application of the rule of *idem sonans* in civil cases. *Adams v. Grogan-Cochran Lumber Co.*, 181 S.W.2d 582, 588–89 (Tex.Civ.App.—Amarillo 1944), *aff'd*, 186 S.W.2d 677, 143 Tex. 490 (1945). When an intended defendant is sued under an incorrect name, jurisdiction is proper after service on the defendant under the misnomer, but it must be clear that no one was misled. *Orange Grove Independent School District v. Rivera*, 679 S.W.2d 482, 483 (Tex.1984), *Adams v. Consolidated Underwriters*, 133 Tex. 26, 124 S.W.2d 840, 841 (1939).

■ A misnomer of a defendant does not render a judgment based on personal service, even one by default, void, provided the intention to sue the defendant actually served with citation is so evident from the pleadings and process that the defendant could not have been misled. R. McDONALD, TEX.CIV.PRACTICE § 6.04.1 (1982).

It is significant that the defendant does not raise an issue of mistake in identity or lack of service or of improper service under the rules but raises only the claim that the improper spelling of his name voids the citation. The fact that defendant was personally served with citation distinguishes the case at hand from the cases relied upon by him. Two of those cases dealt not with personal citation but with citation by publication and citation by mail. *Mega v. Anglo Iron & Metal Co. of Harlingen*, 601 S.W.2d 501 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Fleming v. Hernden*, 564 S.W.2d 157 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.). In *Nail v. Gene Biddle Feed Co., Inc.*, 347 S.W.2d 830 (Tex.Civ.App.—Beaumont 1961, no writ), two different individuals were involved, a father and a son, the citation named the son but the father was served. *Zimmerman v. First National Bank of Bowie*, 235 S.W.2d 720 (Tex.Civ.App.—Fort Worth 1950, writ ref'd

the clerical error. *Dingler v. State*, 705 S.W.2d

n.r.e.) concerned a writ of garnishment issued under a different name from the judgment upon which it was based. Again, substantially different situations from that of the present case.

■ The purpose of citation is to give the court proper jurisdiction of the parties and to provide notice to the defendant that he has been sued and by whom and for what so that due process will be served and he will have an opportunity to appear and defend the action. *Sgitcovich v. Sgitcovich*, 150 Tex. 398, 241 S.W.2d 142, 146 (1951), *cert. denied*, 342 U.S. 903, 72 S.Ct. 291, 95 L.Ed. 676 (1952), *Stephenson v. Corporate Services, Inc.*, 650 S.W.2d 181, 184 (Tex.App.—Tyler 1983, writ ref'd n.r.e.), *Bozeman v. Arlington Heights Sanitarium*, 134 S.W.2d 350, 351–52 (Tex.Civ.App.—Dallas 1939, writ ref'd). We hold that the mispelling of the defendant's name in the citation does not invalidate service of process. If defendant's mispelled name in the citation or return does not invalidate service of process, neither does such error require reversal of a default judgment. *Salazar v. Tower*, 683 S.W.2d 797, 799 (Tex.App.—Corpus Christi 1984, no writ); *Popkowsi v. Gramza*, 671 S.W.2d 915, 917–18 (Tex.App.—Houston [1st Dist.] 1984, no writ).

As discussed above, there is no issue raised of lack of service of citation on the intended defendant "Everett Cockrell," nor does defendant claim he was misled by the misspelling of his name in this case. Since defendant was the proper one to be served with citation and was not misled by the error in the spelling of his name, the record does not reflect invalid service of process. *Consolidated Underwriters, supra*, 124 S.W.2d at 841. Appellant's first point of error is overruled.

■ We find that the judgment in this case properly conforms to the pleadings, from which the court can determine the elements of plaintiff's cause of action and identify the relief sought. Mere formalities, minor defects, or technical insufficiencies will not invalidate a default judgment

144, 145 (Tex.Crim.App.1984).

where the petition states a cause of action and gives "fair notice" to the opposing party of the relief sought. *Stoner v. Thompson,* 578 S.W.2d 679, 682–83 (Tex. 1979). In a similar case it was held that discrepancies in dates were clerical errors and could not have surprised the defendant or prejudiced his rights. *Pace Sports, Inc. v. Davis Brothers Publishing Co.,* 508 S.W.2d 493, 494 (Tex.Civ.App.—Waco 1974), *aff'd,* 514 S.W.2d 247 (Tex.1974).

The earnest money contract for which specific performance was sought in this case was attached to plaintiff's petition and was incorporated in the petition and also in the judgment by reference. When an inspection of an exhibit referred to in the pleadings shows facts contradictory to the pleadings, the exhibit, not the allegation of the pleadings, must control. *Paul v. Houston Oil Co. of Texas,* 211 S.W.2d 345, 353–54 (Tex.Civ.App.—Waco 1948, writ ref'd n.r.e.). The agent's date on the earnest money contract, appears to be September 16, 1986. It is obviously this date to which the judgment refers when describing the contract as dated on September 18, 1986. The same reasoning applies as to the discrepancy in the date of execution. Although the trial court did not act on the matter of the dates, the error is merely clerical and is subject to correction by the court at any time. *See Universal Underwriters Ins. Co. v. Ferguson,* 471 S.W.2d 28 (Tex.1971), *Williams v. Pitts,* 251 S.W.2d 148, 151 Tex. 408 (1952). The court did enter an order nunc pro tunc correcting the spelling of the defendant's name almost four months after the original judgment. This was within the trial court's authority. Since both the petition and the judgment reference the earnest money contract, and since the petition seeks and the judgment orders specific performance on the contract and attorney's fees, there is no variance between the petition and the judgment. The second point of error is overruled.

The judgment in the trial court is affirmed.